DAVID E. MASTAGNI, ESQ. (SBN 204244)
ISAAC S. STEVENS, ESQ. (SBN 251245)
ACE T. TATE, ESQ. (SBN 262015)
**MASTAGNI HOLSTEDT**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
davidm@mastagni.com
istevens@mastagni.com
atate@mastagni.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY VALENTINE, on behalf of herself and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO METROPOLITAN FIRE DISTRICT,<br><br>Defendant. | Case No.<br><br>**COLLECTIVE ACTION - 29 U.S.C. § 216**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |

## I.

## INTRODUCTION

1. This action is brought pursuant to the provisions of the Fair Labor Standards Act ("FLSA") 29 U.S.C. sections 201, *et seq.*, to recover from Defendant SACRAMENTO METROPOLITAN FIRE DISTRICT (hereinafter "Defendant") unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit and reasonable attorney fees.

2. This action arises from Defendant's failure to include all statutorily required forms of compensation in the "regular rate" used to calculate overtime compensation for Plaintiff and all similarly situated individuals.

## II.
## PARTIES

3. Plaintiff TRACEY VALENTINE ("Plaintiff") is employed by the Defendant. Plaintiff brings this action on behalf of herself and all similarly situated individuals who Defendant failed to properly compensate for overtime hours worked within the three years prior to filing this action.

4. Defendant implemented an illegal compensation computation method, which undercounts Plaintiff's "regular rate" of pay. Defendant's method of calculating Plaintiff's "regular rate" of pay results, and has resulted in under-payment for overtime hours worked. Defendant suffered or permitted Plaintiff to perform overtime work without proper compensation.

5. Defendant is a special district that governs fire protection and emergency medical services to all unincorporated areas of Sacramento County as well as multiple contract cities, and employed the Plaintiff.

6. Plaintiff brings this action on behalf of herself and all other similarly situated individuals. Those individuals constitute a well-defined community of interest in the questions of law and fact at issue in this case. The claims of the represented Plaintiff are typical of the claims of those similarly situated.

7. The named Plaintiff will fairly and adequately reflect and represent the interests of those similarly situated. There is no conflict as to the individually named Plaintiff and other members of the class with respect to this action or with respect to the claims for relief herein set forth.

## III.
## JURISDICTION

8. This action is brought pursuant to the provisions of the FLSA, 29 U.S.C. sections 201, *et seq.*, to recover from Defendant unpaid overtime compensation, interest thereon, liquidated damages, costs of suit and reasonable attorney fees. This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 and 29 U.S.C. section 216(b), because this action is based on the FLSA. This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. sections 207, *et seq.*

///

# IV.

## COLLECTIVE ACTION ALLEGATIONS

9. Plaintiff brings this action on behalf of himself and all other persons similarly situated who work, or have worked, for the Defendant at any time in the last three years and were deprived of their complete statutory overtime compensation. Those individuals are similarly situated and constitute a well-defined community of interest in their respective questions of law and fact relevant to this action. Plaintiff's claims are typical of those of other individuals similarly situated. Plaintiff will fairly and adequately represent the interests of those similarly situated.

10. This action is brought by Plaintiff as a collective action, on their own behalf and on behalf of all others similarly situated, under the provisions of 29 U.S.C. section 216, for damages, liquidated damages, a three-year statute of limitations, and relief incident and subordinate thereto, including costs and attorney fees.

11. On information and belief, the exact number of members similarly situated in the collective group, as herein above identified and described, is estimated to consist of well over forty individuals.

12. There are common questions of law and fact in this action relating to and affecting the rights of each member of the collective group, including whether Defendant failed to fully compensate plaintiffs for all overtime worked by not including compensation in lieu of health care coverage in the "regular rate" of pay used to calculate overtime compensation. The relief sought is common to the entire class.

13. Plaintiff's claims and the claims of those similarly situated depend on a showing of Defendant's acts and omissions giving rise to Plaintiff's right to the relief sought herein. There is no conflict as to any individually named Plaintiff and other members of the collective group seeking to opt in, with respect to this action, or with respect to the claims for relief herein set forth.

14. This action is properly maintained as a collective action in that the prosecution of separate actions by individual members of the collective group would create a risk of adjudications with respect to individual members of the class which may as a practical matter be dispositive of the

interests of the other members not parties to the adjudications, or may substantially impair or impede their ability to protect their interests.

15. Plaintiff's lawyers are experienced and capable in the field of FLSA and labor/employment litigation and have successfully represented thousands of claimants in other litigation of this nature.

16. Plaintiff's counsel, Mastagni Holstedt, APC, will conduct and be responsible for Plaintiff's case herein. David E. Mastagni and Isaac S. Stevens, who will be primarily responsible for litigating this matter, have represented thousands of employees pursuing wage and hour claims throughout the State of California, and have recovered millions of dollars on their behalf.

17. This action is appropriate for conditional certification as a collective action because Defendant subjected Plaintiff to the same practice for the purposes of the FLSA with respect to cash payments made in lieu of health insurance as the other members of the class.

18. This factual nexus is sufficient to justify the Court to exercise its discretion to ensure that accurate and timely notice is given to all similarly situated former and current employees of Defendant so that they may make an informed decision about whether to join this action.

## V.

## FACTUAL ASSERTIONS

19. Plaintiff is, or was, employed by the Defendant within the last three (3) years.

20. At all times relevant hereto, Defendant suffered or permitted Plaintiff and other similarly situated individuals to work hours beyond statutory thresholds for overtime compensation required by the FLSA.

21. At all times relevant hereto, Defendant impermissibly excluded certain remunerations or undervalued the "regular rate" of pay, upon which all forms of Plaintiff's overtime compensation are based.

22. Pursuant to 29 U.S.C. section 207(e), the "regular rate" must include all remuneration received by an employee unless it is explicitly excluded. The burden is on an employer to demonstrate that a payment is excludable from the regular rate. *(Madison v. Resources for Human Development* (3rd. Cir. 2000) 233 F.3d 175, 187.)

23. Defendant's past and current practice of computing Plaintiff's overtime has impermissibly reduced the amount being paid to Plaintiff by failing to compute all statutorily required amounts into Plaintiff's "regular rate" of pay as defined by 29 U.S.C. section 207(e).

24. Defendant failed to include monetary compensation paid to Plaintiff, who declined Defendant-provided health insurance, in the "regular rate" used to calculate Plaintiff's overtime compensation.

25. As part of the compensation it provided Plaintiff, Defendant paid Plaintiff and other similarly situated individuals monetary compensation in lieu of contributing towards Defendant-provided health benefits coverage.

26. As part of the compensation it provided Plaintiff, Defendant paid Plaintiff and other similarly situated individuals monetary compensation for spending less than the monthly allowance provided towards Defendant-provided health benefits coverage

27. In calculating the "regular rate" for the purposes of overtime compensation, Defendant excluded the remunerations it paid Plaintiff and similarly situated individuals in lieu of contributions towards medical benefits and for spending less than the monthly allowance provided towards Defendant-provided health benefits coverage.

28. At all times relevant hereto, Defendant placed no condition on use of these in-lieu payments.

29. At all times relevant hereto, Defendant treated these payments to Plaintiff as wages for the purposes of applicable tax withholdings. Plaintiff is informed and believes Defendant treated such payments to similarly situated individuals in the same manner.

30. Pursuant to 29 U.S.C. section 207(e), Defendant is statutorily required to include all forms of remuneration in Plaintiff's "regular rate" of pay.

31. 29 U.S.C. section 207(e)(2), which allows employers to exclude from the "regular rate" payments for periods where no work is performed, reasonable payments for traveling expenses or other expenses incurred by employees, and other similar payments which are not made as compensation for employees' work does not allow Defendant to exclude monetary compensation paid to Plaintiff, and similarly situated individuals, in lieu of contributions for medical benefits.

32. The same is true for 29 U.S.C. section 207(e)(4), which allows employers to exclude from the "regular rate" contributions they irrevocably make to a trustee or third person pursuant to a "bona fide plan" for providing health insurance benefits.

33. The Department of Labor's interpretation of the term "bona fide plan" is set forth in 29 C.F.R. section 778.215(a)(5), which states in part:

> The plan must not give an employee the right to assign his benefits under the plan nor the option to receive any part of the employer's contributions in cash instead of the benefits under the plan: Provided, however, That if a plan otherwise qualified as a bona fide benefit plan under section 7(e)(4) of the Act, it will still be regarded as a bona fide plan even though it provides, as an incidental part thereof, for the payment to an employee in cash of all or a part of the amount standing to his credit.

34. In *Flores v. City of San Gabriel,* 2016 WL 3090782, the Ninth Circuit Court of Appeals held that payments to employees in lieu of health benefits were not excludable from the "regular rate" of pay under either 29 U.S.C. sections 207(e)(2) or (e)(4). With respect to the exclusion codified in 207(e)(2) and its companion federal regulation, the court noted "Under § 778.224(a), a payment may not be excluded from the "regular rate" of pay pursuant to § 207(e)(2) if it is generally understood as compensation for work, even though the payment is not directly tied to specific hours worked by an employee." (*Id.*) Further, the court held that cash payments in lieu of health benefits are not excludable from the "regular rate" under 207(e)(4) because those payments do not have to be tied to specific hours of work or non-work.

35. Because the remunerations paid to Plaintiff, and similarly situated individuals, in lieu of health benefits were not made for hours of non-work or, on information and belief, made pursuant to a bona benefit plan they must be included in the "regular rate" of pay for determining overtime compensation as required by the FLSA.

36. At all times relevant hereto, Defendant through pattern and practice did not include the monetary compensation it provided in lieu of health benefits as well as for spending less than the monthly allowance provided towards Defendant-provided health benefits coverage into the "regular rate" of pay for the purposes of determining overtime compensation as required by the FLSA.

37. Likewise, Defendant failed to include compensation paid for medical benefits on behalf of Plaintiff and other similarly situated individuals in the "regular rate" used to calculate their overtime compensation.

38. Plaintiff is informed and believes and thereon alleges that payments Defendant made for Plaintiff and other similarly situated individuals' medical benefits were not made pursuant to a "bona fide plan" for the provision of medical benefits within the meaning of 29 U.S.C. section 207(e)(4) and 29 C.F.R. section 778.215.

39. By excluding these in-lieu payments as well as payments for spending less than the monthly allowance provided towards Defendant-provided health benefits coverage and other forms of compensation from the "regular rate" used to calculate overtime compensation paid to Plaintiff and other similarly situated individuals, Defendant failed to pay them one and one-half times their "regular rate" of pay for all hours of overtime they worked.

40. Likewise, by failing to include all remuneration in employees' "regular rate" of pay, Defendant failed to compensate Plaintiff and similarly situated individuals for cashing out compensatory time off ("CTO").

41. Defendant has a policy of cashing out Plaintiff's unused CTO at less than the rate required by 29 U.S.C. section 207(o)(3) and (4).

42. 29 U.S.C. section 207(o)(3)(B) requires that, if "compensation is paid to an employee for accrued compensatory time off, such compensation shall be paid at the regular rate earned by the employee at the time the employee receives such payment."

43. 29 U.S.C. section 207(o)(4) requires that, upon termination of employment, Plaintiff must be paid for unused CTO at a rate of compensation not less than the greater of "(A) the average regular rate received by such employee during the last 3 years of the employee's employment, or (B) the final regular rate received by such employee."

44. Defendant has implemented and maintained an agency-wide practice of excluding certain remunerations, including payments in lieu of health care contributions as well as payments for spending less than the monthly allowance provided towards Defendant-provided health benefits coverage, in the "regular rate" of pay used to pay out CTO accruals.

45. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to properly compute and use the correct "regular rate" of pay in calculating overtime compensation owed to Plaintiff and similarly situated individuals.

46. Plaintiff is informed and believes and thereon alleges Defendant and its agents and/or representatives willfully and knowingly violated the FLSA by continuing to exclude remunerations from the calculation of Plaintiff's and similarly situated individuals' "regular rate" of pay.

47. Defendant's continuing failure to properly compensate Plaintiff and similarly situated individuals was not in good faith and is a willful violation of the FLSA as it applies to employees of local governments.

48. As a result of the foregoing violations of the FLSA alleged herein, Plaintiff seeks damages for lost overtime compensation and undervalued cash outs of CTO, as well as liquidated damages. Plaintiff seeks these damages for the entire period of time Defendant has engaged in said unlawful and willful conduct, up to three years as prescribed by the FLSA.

49. Plaintiff also seeks reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

## FIRST COUNT

**(Fair Labor Standards Act - Failure to Pay All Overtime Compensation Earned)**

50. Plaintiff incorporates by reference each and every paragraph above inclusive as though set forth fully herein.

51. Defendant suffered or permitted Plaintiff, and on information and belief other similarly situated individuals, to work overtime but failed to include all required forms of compensation into the "regular rate" of pay used to calculate their overtime compensation, as well as amount of cash paid to Plaintiff and similarly situated individuals who cashed out CTO.

52. By failing to include all requisite forms of compensation in the "regular rate" of pay used to calculate overtime compensation and CTO cash outs, Defendant failed to compensate Plaintiff and similarly situated individuals at one and one-half times the "regular rate" of pay for all overtime hours as required by the FLSA.

53. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to pay Plaintiff and similarly situated individuals for all hours worked at one and half times the "regular rate" of pay as required by the FLSA.

54. At all times relevant hereto, Defendant and its agents and representatives knew or should have known of their obligations to pay Plaintiff and similarly situated individuals overtime compensation at one and one-half of their regular rate of pay for all hours worked in excess of the applicable maximum weekly hours established by section 207 of the FLSA.

55. At all times relevant hereto Defendant's failure to fully compensate Plaintiff for all hours worked was not in good faith, and was a willful violation of the FLSA.

56. As a result of the foregoing violations of the FLSA as herein enumerated, Plaintiff seeks damages for three (3) years' back pay of overtime compensation that was earned but unpaid, as well as an equal amount in liquidated damages.

57. Plaintiff also seeks reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

## **PRAYER**

WHEREFORE, Plaintiff prays judgment as follows:

1. For recovery of unpaid overtime compensation and interest thereon plus an equal amount of liquidated damages for Plaintiff and all similarly situated individuals pursuant to 29 U.S.C. section 216(b);

2. For a determination that Defendant's conduct was reckless and/or an intentional, knowing, and willful violation of the FLSA, and therefore Plaintiff are entitled to recover damages under a three (3) year statute of limitations;

3. For reasonable attorney fees pursuant to 29 U.S.C. section 216(b);

4. For costs incurred as a result of this proceeding;

5. For injunctive relief ordering the Defendant to cease and desist from engaging in said unlawful conduct, including but not limited to, revisions to applicable compensation policies to clearly indicate that remuneration paid in lieu of health benefits will be

///

///

included in the "regular rate" of pay for the purposes of overtime compensation;

6. For conditional certification of the class as pled;

7. For an order to timely notify all potential class members of this action;

8. For such other and further relief as the court deems just and proper.

Dated: April 19, 2017  **MASTAGNI HOLSTEDT, APC**

By: */s/ David E. Mastagni*
DAVID E. MASTAGNI
ISAAC S. STEVENS
ACE T. TATE
Attorneys for Plaintiffs