IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**TRACEY VALENTINE ,**

          Plaintiff,

          vs.

**SACRAMENTO METROPOLITAN FIRE DISTRICT ,**

          Defendant(s).

_____/

NO. **2:17–CV–00827–KJM–EFB**

ORDER SETTING STATUS (PRETRIAL SCHEDULING) CONFERENCE

This action has been assigned to the Honorable Kimberly J. Mueller.  As provided by Rule 16 of the Federal Rules of Civil Procedure and Local Rule 240, IT IS HEREBY ORDERED THAT:

    1.  A Status (Pretrial Scheduling) Conference is set for **August 31, 2017** at **02:30 PM** before Judge Mueller in Courtroom Three. All parties to the action shall appear in person at the Status Conference through counsel or on their own behalf if acting without counsel. Requests for continuance of status conferences are not favored and will not be granted in the absence of a true emergency and, in any event, will not be entertained unless made in writing at least FIVE (5) DAYS prior to the scheduled conference.

    2.  Plaintiff(s) shall complete service of process on all parties within ninety (90) days of the date of the filing of the complaint, to allow the court to comply with Federal Rule of Civil Procedure 16(b).

3. Concurrently with the service of process, or as soon thereafter as possible, plaintiff(s) shall serve upon each of the parties named in the complaint, and upon all parties subsequently joined, a copy of this order, and shall file with the Clerk of the Court a certificate reflecting such service. Any party who impleads a third–party defendant shall serve upon that party a copy of this order and shall file with the Clerk of the Court a certificate reflecting such service.

4. In the event this action was originally filed in a state court and was thereafter removed to this court, the removing party or parties shall, immediately following such removal, serve upon each of the other parties named in the complaint, and upon all parties subsequently joined, a copy of this order and shall file with the Clerk of the Court a certificate reflecting such service.

5. At least twenty–one (21) calendar days before the Status Conference is held, parties shall confer as contemplated by Federal Rule of Civil Procedure 26 and Local Rule 240(b). The parties shall submit, at least seven (7) days prior to the Status Conference, a Joint Status Report that includes the Rule 26(f) discovery plan, with all named parties participating in the preparation and completion of the report. The status report shall address the following matters:

      (a)  a brief summary of the claims and legal theories under which recovery is sought or liability is denied;

      (b)  status of service upon all defendants and cross–defendants;

      (c)  possible joinder of additional parties;

      (d)  contemplated amendments to the pleadings, including to simplify or clarify the issues and eliminate previous claims and defenses;

      (e)  the statutory bases for jurisdiction and venue;

      (f)  anticipated discovery and the scheduling of discovery, including:

          (1)  what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made, and whether further discovery conferences should be held;

          (2)  the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases;

          (3)  what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;

       (4)  the timing of the disclosure of expert witnesses and information
           required by Rule 26(a)(2); and

       (5)  proposed dates for discovery cut−off.

(g)  contemplated dispositive or other motions and a proposed date by which all
     non−discovery motions shall be heard;

(h)  methods that can be used from the outset to avoid unnecessary proof and
     cumulative evidence, and anticipated limitations or restrictions on the use of
     testimony under Federal Rule of Evidence 702;

(i)  a proposed date for final pretrial conference;

(j)  a proposed date for trial, estimated number of days of trial, and whether any
    party has demanded a jury;

(k)  appropriateness of special procedures such as reference to a special master
     or agreement to try the matter before the assigned magistrate judge pursuant
     to 28 U.S.C. 636(c);

(l)  proposed modification of standard pretrial procedures because of the
    simplicity or complexity of the case;

(m)  whether the case is related to any other case pending in this district, including
     the bankruptcy court of this district;

(n)  optimal timing and method for settlement discussions, including whether a
     court−convened settlement conference should be scheduled, whether in the
     case of a jury trial the parties will stipulate to the trial judge acting as a
     settlement judge, and the parties' positions with respect to Voluntary Dispute
     Resolution (VDRP) as required by Local Rule 271(d); and

(o)  any other matters that may be conducive to the just and expeditious
    disposition of the case.

6.  The Court, upon review of the joint status report and following the status conference,

will issue a scheduling order governing the future course of the litigation.  Counsel are directed to

read that order carefully once it is issued.  Requests to modify or vacate any date set forth in the

order will not be favored and will not be granted absent good cause.

7.  In the extraordinary event the parties are not able to file a joint status report, each

party must file an individual status report and attach a declaration setting forth, in detail, the

extraordinary circumstances that prevented the parties from filing a joint status report.

/////

/////

8.  Any briefs or other papers that a party needs to file prior to the issuance of the scheduling order shall be filed in accordance with Local Rule 230(b).  The court places a page limit of twenty (20) pages on all such moving papers.  Opposition papers shall be filed in accordance with Local Rule 230(c).  The court places a page limit of twenty (20) pages on oppositions, and a page limit of ten (10) pages for replies.  Requests for page limit increases are disfavored, but if made must be filed with the court at least fourteen (14) days prior to the filing of the motion.  Any party that does not oppose the granting of a motion shall file a statement of non−opposition in accordance with Local Rule 230(c).  The failure to file an opposition or statement of non−opposition in accordance with Local Rule 230(c) may be deemed consent to the granting of the motion and the court may exercise its discretion to dispose of the motion summarily.  Brydges v. Lewis, 18 F.3d 651, 652−53 (9th Cir. 1994).

9.  Any non−governmental corporate party to an action in this court shall file a statement identifying all its parent corporations and listing any publicly held company that owns (10%) or more of the party's stock.  Plaintiff(s) shall file the statement not later than fourteen (14) days after filing the complaint, and defendant(s) shall file the statment with the initial pleading(s) filed in the court.  The parties shall supplement the statement within a reasonable time of any change in the information required by this paragraph.

10.  Counsel are reminded of their continuing duty as provided by Local Rule 160 to immediately notify the courtroom deputy and chambers of any settlement or other disposition of the case.  See also Local Rule 272.

Dated: April 20, 2017            /s/ Casey Schultz
                                 Casey Schultz
                                 Courtroom Deputy
                                 Tel (916) 930−4193
                                 Fax (916) 491−3922
                                 e−mail: cschultz@caed.uscourts.gov
                                 Proposed orders to kjmorders@caed.uscourts.gov