Morin I. Jacob, Bar No. 204598
mjacob@lcwlegal.com
Lisa S. Charbonneau, Bar No. 245906
lcharbonneau@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105
Telephone:   415.512.3000
Facsimile:    415.856.0306

Attorneys for Defendant
SACRAMENTO METROPOLITAN FIRE DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - (SACRAMENTO)

| | |
|---|---|
| TRACEY VALENTINE, on behalf of herself and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO METROPOLITAN FIRE DISTRICT,<br><br>Defendant. | Case No.:  2:17-cv-00827-KJM-EFB<br><br>Complaint Filed: April 20, 2017<br><br>**ANSWER TO COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |

Defendant SACRAMENTO METROPOLITAN FIRE DISTRICT ("Defendant District") answers and responds to the Complaint for Violations of the Fair Labor Standards Act ("Complaint") filed by Plaintiff TRACEY VALENTINE on behalf of herself and all similarly situated individuals ("Plaintiffs") as follows:

## INTRODUCTION

1. Answering paragraph 1 of the Complaint, Defendant District admits that Plaintiff Valentine alleges to have brought this action pursuant to the Fair Labor Standards Act to recover alleged unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit and reasonable attorney fees.

2. Answering paragraph 2 of the Complaint, Defendant District denies each and every allegation contained in paragraph 2.

## PARTIES

3. Answering paragraph 3 of the Complaint, Defendant District admits that Plaintiff Valentine is employed by Defendant District. Except as expressly admitted herein, Defendant District denies each and every allegation contained in paragraph 3.

4. Answering paragraph 4 of the Complaint, Defendant District denies, generally and specifically, each and every allegation contained in paragraph 4.

5. Answering paragraph 5 of the Complaint, Defendant District admits that it is a special district that provides fire protection and emergency medical services to the Sacramento County area. Defendant District further admits that Plaintiff Valentine is employed by Defendant District. Except as expressly admitted herein, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 and on that basis denies each and every allegation contained in paragraph 5.

6. Answering paragraph 6 of the Complaint, Defendant District admits that Plaintiff alleges to have brought this action on behalf of herself and all other similarly situated individuals. Except as expressly admitted herein, Defendant District denies, generally and specifically, each and every allegation contained in paragraph 6.

7. Answering paragraph 7 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 and on that basis denies each and every allegation contained in paragraph 7.

## JURISDICTION

8. Answering paragraph 8 of the Complaint, Defendant District admits that Plaintiff Valentine alleges to have brought this action pursuant to the provisions of the Fair Labor Standards Act to recover unpaid overtime compensation, interest thereon, liquidated damages, costs of suit and reasonable attorney fees. Defendant District further admits that this Court has jurisdiction pursuant to 28 U.S.C. section 1331 and 29 U.S.C. section 216(b). Defendant District further admits that this Court has subject matter jurisdiction over this action as it arises under Federal law. Except as expressly admitted herein, Defendant District denies, generally and specifically, each and every allegation contained in paragraph 8.

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

## COLLECTIVE ACTION ALLEGATIONS

9. Answering paragraph 9 of the Complaint, Defendant District admits that Plaintiff Valentine alleges to have brought this action on behalf of herself and all other persons similarly situated. Except as expressly admitted herein, Defendant District denies, generally and specifically, each and every allegation contained in paragraph 9.

10. Answering paragraph 10 of the Complaint, Defendant District admits that Plaintiff Valentine alleges to have brought this action as a collective action for damages pursuant to 29 U.S.C. section 216.

11. Answering paragraph 11 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 and on that basis denies each and every allegation contained in paragraph 11.

12. Answering paragraph 12 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 and on that basis denies each and every allegation contained in paragraph 12.

13. Answering paragraph 13 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 and on that basis denies each and every allegation contained in paragraph 13.

14. Answering paragraph 14 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and on that basis denies each and every allegation contained in paragraph 14.

15. Answering paragraph 15 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 and on that basis denies each and every allegation contained in paragraph 15.

16. Answering paragraph 16 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 and on that basis denies each and every allegation contained in paragraph 16.

17. Answering paragraph 17 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

8150243.3 SA012-018

3

ANSWER TO COMPLAINT

17 and on that basis denies each and every allegation contained in paragraph 17.

18. Answering paragraph 18 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 and on that basis denies each and every allegation contained in paragraph 18.

## **FACTUAL ASSERTIONS**

19. Answering paragraph 19 of the Complaint, Defendant District admits all allegations therein.

20. Answering paragraph 20 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 and on that basis denies each and every allegation contained in paragraph 20.

21. Answering paragraph 21 of the Complaint, Defendant District denies, generally and specifically, each and every allegation contained in paragraph 21.

22. Answering paragraph 22 of the Complaint, paragraph 22 is entirely legal argument and/or statements of law and as such, Defendant District is not required to answer paragraph 22. To the extent any facts are alleged in paragraph 22, Defendant District denies, generally and specifically, all such facts.

23. Answering paragraph 23 of the Complaint, Defendant District denies, generally and specifically, each and every allegation contained in paragraph 23.

24. Answering paragraph 24 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 and on that basis denies each and every allegation contained in paragraph 24.

25. Answering paragraph 25 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 and on that basis denies each and every allegation contained in paragraph 25.

26. Answering paragraph 26 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 and on that basis denies each and every allegation contained in paragraph 26.

//

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

27. Answering paragraph 27 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27 and on that basis denies each and every allegation contained in paragraph 27.

28. Answering paragraph 28 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28 and on that basis denies each and every allegation contained in paragraph 28.

29. Answering paragraph 29 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 and on that basis denies each and every allegation contained in paragraph 29.

30. Answering paragraph 30 of the Complaint, paragraph 30 is entirely legal argument and/or statements of law and as such, Defendant District is not required to answer paragraph 30. To the extent any facts are alleged in paragraph 30, Defendant District denies, generally and specifically, all such facts.

31. Answering paragraph 31 of the Complaint, paragraph 31 is entirely legal argument and/or statements of law and as such, Defendant District is not required to answer paragraph 31. To the extent any facts are alleged in paragraph 31, Defendant District denies, generally and specifically, all such facts.

32. Answering paragraph 32 of the Complaint, paragraph 32 is entirely legal argument and/or statements of law and as such, Defendant District is not required to answer paragraph 32. To the extent any facts are alleged in paragraph 32, Defendant District denies, generally and specifically, all such facts.

33. Answering paragraph 33 of the Complaint, paragraph 33 is entirely legal argument and/or statements of law and as such, Defendant District is not required to answer paragraph 33. To the extent any facts are alleged in paragraph 33, Defendant District denies, generally and specifically, all such facts.

34. Answering paragraph 34 of the Complaint, paragraph 34 is entirely legal argument and/or statements of law and as such, Defendant District is not required to answer paragraph 34. To the extent any facts are alleged in paragraph 34, Defendant District denies, generally and

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

specifically, all such facts.

35. Answering paragraph 35 of the Complaint, to the extent paragraph 35 is legal argument and/or statements of law and as such, Defendant District is not required to answer paragraph 35. To the extent any facts are alleged in paragraph 35, Defendant District denies, generally and specifically, all such facts.

36. Answering paragraph 36 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 and on that basis denies each and every allegation contained in paragraph 36.

37. Answering paragraph 37 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37 and on that basis denies each and every allegation contained in paragraph 37.

38. Answering paragraph 38 of the Complaint, to the extent paragraph 38 is legal argument and/or statements of law and as such, Defendant District is not required to answer paragraph 38. To the extent any facts are alleged in paragraph 38, Defendant District denies, generally and specifically, all such facts.

39. Answering paragraph 39 of the Complaint, Defendant District denies, generally and specifically, each and every allegation contained in paragraph 39.

40. Answering paragraph 40 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40 and on that basis denies each and every allegation contained in paragraph 40.

41. Answering paragraph 41 of the Complaint, Defendant District denies, generally and specifically, each and every allegation contained in paragraph 41.

42. Answering paragraph 42 of the Complaint, paragraph 42 is entirely legal argument and/or statements of law and as such, Defendant District is not required to answer paragraph 42. To the extent any facts are alleged in paragraph 42, Defendant District denies, generally and specifically, all such facts.

43. Answering paragraph 43 of the Complaint, paragraph 43 is entirely legal argument and/or statements of law and as such, Defendant District is not required to answer paragraph 43.

To the extent any facts are alleged in paragraph 43, Defendant District denies, generally and specifically, all such facts.

44. Answering paragraph 44 of the Complaint, Defendant District denies, generally and specifically, each and every allegation contained in paragraph 44.

45. Answering paragraph 45 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 45 and on that basis denies each and every allegation contained in paragraph 45.

46. Answering paragraph 46 of the Complaint, Defendant District denies, generally and specifically, each and every allegation contained in paragraph 46.

47. Answering paragraph 47 of the Complaint, Defendant District denies, generally and specifically, each and every allegation contained in paragraph 47.

48. Answering paragraph 48 of the Complaint, Defendant District admits that Plaintiff Valentine seeks damages for allegedly lost overtime compensation and allegedly undervalued cash-outs of compensatory time off, as well as liquidated damages. Defendant District further admits that Plaintiff Valentine seeks damages for a period of up to three years. Except as expressly admitted herein, Defendant District denies, generally and specifically, each and every allegation contained in paragraph 48.

49. Answering paragraph 49 of the Complaint, Defendant District admits that Plaintiff Valentine seeks to recover reasonable attorney fees and costs.

## **FIRST COUNT**

50. Answering paragraph 50 of the Complaint, Defendant District hereby incorporates by reference paragraphs 1 through 49 of this Answer, inclusive, as though set forth fully herein, and similarly denies each and every allegation that was denied therein.

51. Answering paragraph 51 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 51 and on that basis denies each and every allegation contained in paragraph 51.

52. Answering paragraph 52 of the Complaint, Defendant District denies, generally and specifically, each and every allegation contained in paragraph 52.

53. Answering paragraph 53 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 53 and on that basis denies each and every allegation contained in paragraph 53.

54. Answering paragraph 54 of the Complaint, Defendant District lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 54 and on that basis denies each and every allegation contained in paragraph 54.

55. Answering paragraph 55 of the Complaint, Defendant District denies, generally and specifically, each and every allegation contained in paragraph 55.

56. Answering paragraph 56 of the Complaint, Defendant District admits that Plaintiff Valentine seeks damages for three years of back pay and liquidated damages. Except as expressly admitted herein, Defendant District denies, generally and specifically, each and every allegation contained in paragraph 56.

57. Answering paragraph 57 of the Complaint, Defendant District admits that Plaintiff Valentine seeks to recover reasonable attorney fees and costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Partial Exemption from Overtime)**

Plaintiff Valentine and any similarly situated individuals who join this suit ("Plaintiffs") are barred from recovery in whole or in part because Plaintiffs were subject to the partial overtime exemption set forth in 29 U.S.C. section 207(k) for law enforcement personnel.

### SECOND AFFIRMATIVE DEFENSE

**(Offset)**

Defendant District is entitled to offset and/or credit any compensation owed under the FLSA by compensation paid in excess of the statutory minimums pursuant to 29 U.S.C. section 207(h).

### THIRD AFFIRMATIVE DEFENSE

**(White Collar and other Overtime Exemptions)**

Plaintiffs are barred from recovery to the extent they were exempt from the overtime

requirements of the FLSA under the highly compensated employee, administrative, professional, executive, and/or computer exemptions, pursuant to 29 U.S.C. sections 13(a)(1) and 13(a)(17).

### FOURTH AFFIRMATIVE DEFENSE
### (Special Detail Exclusion)

Plaintiffs are barred from recovery to the extent Plaintiffs spent time performing work as part of a special detail for an outside employer pursuant to 29 U.S.C. section 207(p)(1).

### FIFTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant District acted in good faith and had reasonable grounds for believing its conduct was in compliance with the Fair Labor Standards Act, thereby precluding any award of liquidated damages to Plaintiffs, pursuant to 29 U.S.C. section 260.

### SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, and Plaintiffs are limited to at most a two-year statute of limitations as any alleged violation was not willful, pursuant to 29 U.S.C. section 255(a).

### SEVENTH AFFIRMATIVE DEFENSE
### (Reliance on Written Interpretation)

Plaintiffs' recovery is barred in whole or in part because Defendant District adopted policies in conformity with and in reliance on written administrative interpretation issued by the Administrator of the Wage and Hour Division of the Department of Labor, pursuant to 29 U.S.C. 259.

### EIGHTH AFFIRMATIVE DEFENSE
### (*De Minimis* Time)

Defendant District is not required to compensate Plaintiffs for time that is insubstantial, insignificant, or *de minimis*.

//
//

## NINTH AFFIRMATIVE DEFENSE

**(Restriction on Activities Compensable under Contract or Custom)**

Plaintiffs' recovery is barred to the extent Plaintiffs seek compensation for activities compensable by contract or custom, pursuant to 29 U.S.C. section 254(b)-(c).

## TENTH AFFIRMATIVE DEFENSE

**(Relief from Liability for Preliminary and/or Postliminary Activities)**

Plaintiffs' recovery is barred to the extent Plaintiffs seek compensation for preliminary to or postliminary to the principal activities Plaintiffs are required to perform, pursuant to 29 U.S.C. section 254(a).

## ELEVENTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Collective Bargaining Grievance Procedures)**

Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to exhaust collective bargaining grievance procedures. To the extent Plaintiffs' claims address disputes within the scope of their memoranda of understanding (MOU), Plaintiffs must follow the grievance procedures of such agreements.

## TWELFTH AFFIRMATIVE DEFENSE

**(Waiver)**

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver. During the course and scope of the activities described in the Complaint, and by their own acts, errors, and omissions, Plaintiffs have waived all claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Plaintiffs have failed to state any claim upon which relief can be granted.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands. Among other things, Plaintiffs did not actually work the overtime hours reported to Defendant District. Plaintiffs' claims are further barred due to Plaintiffs' other acts and omissions, including but not

limited to knowledge, acquiescence, consent, approval, ratification, participation and/or failure to notify Defendant District of the acts complained of in this action.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs' claims are barred in whole or in part by the doctrine of laches. Plaintiffs have unreasonably delayed commencement of this action such that recovery, if any, should be barred or reduced according to proof at trial.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Ratification)

Plaintiffs' claims are barred because Plaintiffs ratified and confirmed the transactions that are the subject of the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Government Tort Claim)

Plaintiffs' claims are barred for failure to comply with the California Government Tort Claims Act.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

Plaintiffs' claims are barred for failure to exhaust any and all applicable administrative remedies.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Mootness)

Plaintiffs' claims are barred in whole or in part because some or all of the allegations in the Complaint are moot.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

Plaintiffs' claims are barred in whole or in part because there is no actual case or controversy to be pursued in this court.

//

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Defendant District has provided an accord and satisfaction of Plaintiffs' claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs' claims are barred to the extent Plaintiffs failed to mitigate their damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiffs are barred from recovery in whole or in part because Plaintiffs' negligence was a substantial factor in causing the harm alleged in the Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Improper Notice)

Plaintiffs' claims are barred for failure to provide notice, thus depriving Defendant District of the opportunity to remedy any alleged violations of law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Actual / Constructive Knowledge)

Defendant District lacked actual and constructive knowledge of any underpayment of compensation to Plaintiffs as alleged in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Suffer / Permit)

Defendant District did not suffer or permit, or otherwise authorize the acts or omissions alleged in Plaintiffs' Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiffs' claims are barred because each cause of cause of action, as pled, is uncertain.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiffs' recovery is barred in whole or in part by Plaintiffs' voluntary participation in

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

8150243.3 SA012-018

12

ANSWER TO COMPLAINT

the allegations set forth in the Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs' recovery is barred in whole or in part by equitable estoppel. Plaintiffs should be estopped from asserting claims inconsistent with Plaintiffs' previous positions on the same issues.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Superseding Cause)

Plaintiffs' claims are barred by a third-party superseding cause not reasonably foreseeable that proximately caused the losses and damages alleged in the Complaint.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Novation)

Plaintiffs' claims are barred in whole or in part by novation.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiffs lack standing to bring suit against Defendant District for the claims alleged in the Complaint.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Not Similarly Situated)

This action is not appropriate for collective action treatment because the members of the proposed collective action are not similarly situated.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Commonality)

This action is not appropriate for collective action treatment because the claims of the allegedly similarly situated employees lack commonality and will require individualized determinations.

//

//

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Inadequate Representative)

This action is not appropriate for collective action treatment because the named plaintiff in this action is not an adequate representative of those he purports to represent.

### **PRAYER**

WHEREFORE, Defendant District prays as follows:

1. That Plaintiffs take nothing by reason of the Complaint and that judgment be entered in favor of Defendant District;
2. That Defendant District be awarded costs of suit incurred in defense of this action;
3. That Defendant District be awarded reasonable attorney fees as may be determined by the Court; and
4. Such other relief as the Court deems just and proper.

Dated: May 11, 2017

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By: */s/ Morin I. Jacob*
Morin I. Jacob
Lisa S. Charbonneau
Attorneys for Defendant
SACRAMENTO METROPOLITAN FIRE DISTRICT

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

8150243.3 SA012-018

14

ANSWER TO COMPLAINT