DAVID E. MASTAGNI, ESQ. (SBN 204244)
ISAAC S. STEVENS, ESQ. (SBN 251245)
ACE T. TATE, ESQ. (SBN 262015)
**MASTAGNI HOLSTEDT**
A Professional Corporation
1912 "I" Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
davidm@mastagni.com
istevens@mastagni.com
atate@mastagni.com

Attorneys for Plaintiffs
TRACEY VALENTINE, ET AL.

MORIN I. JACOB, (SBN 204598)
mjacob@lcwlegal.com
LISA S. CHARBONNEAU (SBN 245906)
lcharbonneau@lcwlegal.com
**LIEBERT CASSIDY WHITMORE**
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105
Telephone: 415.512.3000
Facsimile: 415.856.0306

Attorneys for Defendant
SACRAMENTO METROPOLITAN FIRE DISTRICT

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY VALENTINE, on behalf of herself and all similarly situated individuals,<br><br>        Plaintiffs,<br><br>v.<br><br>SACRAMENTO METROPOLITAN FIRE DISTRICT,<br><br>        Defendant. | Case No. 2:17-cv-00827-KJM-EFB<br><br>**[COLLECTIVE ACTION]**<br><br>**JOINT STATUS REPORT**<br><br>**Date:**       June 8, 2017<br>**Time:**       2:30 p.m.<br>**Courtroom:** 3, 15th Floor<br>**Judge:**      Hon. Kimberly J. Mueller |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 240, the Court's April 20, 2017 Order Re: Status Conference (Dkt. No. 3), and the Court's May 11, 2017 Minute Order (Dkt. No. 8), Plaintiff TRACEY VALENTINE, on behalf of herself and all similarly situated individuals ("Plaintiffs"), and Defendant SACRAMENTO METROPOLITAN FIRE DISTRICT ("Defendant" or "District"), hereby submit the following Joint Status Report.

**1.     Brief Summary of the Claims:**

**Plaintiffs' Statement**: This is a Fair Labor Standards Act (FLSA) (29 U.S.C. section 201, *et seq.*) case alleging the underpayment of overtime and compensatory time off ("CTO") caused by the unlawful exclusion of certain incentives in the calculation of Plaintiffs' pay.  Plaintiffs, on behalf of themselves and all similarly situated individuals, allege Defendant violated the FLSA by excluding cash paid to Plaintiffs for forgoing medical benefits from the "regular rate" of pay used to calculate their overtime compensation and cash out of CTO. Plaintiff VALENTINE brings this case as a "collective action" asserting claims on behalf of herself and all "similarly situated" individuals pursuant to 29 U.S.C. section 216(b).

**Defendant's Statement**:  Plaintiffs are or were employed as firefighters or paramedics by the District.  Plaintiffs' terms and conditions of employment are set forth in a negotiated labor agreement between the District and Plaintiffs' bargaining group.  Pursuant to the negotiated labor agreement, the District pays Plaintiffs overtime compensation in excess of the requirements of the FLSA.  The District has numerous defenses to Plaintiffs' claims, including but not limited to the following: a partial overtime exemption for fire protection employees pursuant to 29 U.S.C. section 207(k) bars some if not all of Plaintiffs' claims; pursuant to 29 U.S.C. section 207(h), the District is entitled to offset any overtime compensation due to Plaintiff under the FLSA by premium overtime payments made to Plaintiffs in the same work period; the District acted in good faith pursuant to 29 U.S.C. section 260 and in actual reliance on a written administrative interpretation pursuant to 29 U.S.C. section 259, and did not willfully violate the FLSA; the overtime compensation actually paid to Plaintiffs exceeds that required under the FLSA and no additional compensation is owed.

//

**2.      Status of Service:**

Defendant was personally served on April 20, 2017 (See Dkt. No. 4). Defendant timely answered the Complaint.

**3.      Possible Joinder of Additional Parties:**

**Plaintiffs' Statement**: This action is pled as an FLSA collective action. Accordingly, individuals similarly situated to the Plaintiff may file consents to join the case as additional plaintiffs. To date, approximately 12 Plaintiffs have filed consents to join this action. Plaintiffs' counsel expects additional consents to join will be filed. As discussed below, Plaintiffs plan to move this Court to conditionally certify this case as a collective action and authorize the issuance of facilitated notice to all similarly situated individuals who worked overtime and received cash back in lieu of healthcare benefits in the same pay period at any time during the three years before this case was filed.

**Defendant's Statement**: Defendant does not anticipate joining any additional parties at this time.

**4.      Contemplated Amendments to the Pleadings:**

The parties do not anticipate amending their pleadings at this time.

**5.      Statutory Basis for Jurisdiction and Venue:**

Jurisdiction of this collective action is proper pursuant to 28 U.S.C. section 1331, and section 216(b) of the Fair Labor Standards Act, 29 U.S.C. section 216(b). Venue is proper pursuant to 28 U.S.C. section 1391, because a substantial part of the acts and omissions alleged in the complaint occurred in the Eastern District of California, and Defendant is located in this District.

**6.      Anticipated Discovery and the Scheduling of Discovery:**

The parties do not propose any additional changes to the initial disclosure requirements. The parties agree to make initial disclosures within thirty (30) calendar days after the court issues a scheduling order and do not contemplate a need for further discovery conferences.

**a.      Subjects and sources of discovery:**

**Plaintiffs' Statement**: The bulk of discovery in this case will concern payroll records, time

records, and Defendant's calculation of overtime and CTO cash out compensation. The scope of discovery will also encompass, among other things, Defendant's efforts – if any – to ascertain whether its pay practices with respect to calculating overtime and CTO cash out compensation complied with the FLSA, as well as the reasonableness of the Defendant's decisions regarding overtime pay calculations.  Plaintiffs anticipate serving written discovery in the form of interrogatories, document requests, and requests for admission.  Plaintiffs anticipate deposing Defendant's persons most knowledgeable (PMKs) about Defendant's pay practices, time recording and payroll practices and systems, information technology, medical benefits, cash back in lieu of medical benefit payments.

**Defendant's Statement**:  Discovery in this case will encompass records relating to Plaintiffs' compensation and time worked during the relevant period.  Defendant anticipates serving interrogatories, requests for admission, and requests for production of documents.  Defendant anticipates deposing current and future plaintiffs, as well as the leadership of plaintiffs' union. Defendant has taken steps to preserve electronically stored information and other evidence related to Plaintiffs' claims.

### b. Discovery Schedule

**Plaintiffs' Statement**:  The breadth of discovery necessary in this case will depend largely on the disposition of Plaintiffs' anticipated conditional certification and facilitated notice motion, because the number of potential plaintiffs joining the case may increase substantially after they receive notice of this case. Plaintiffs propose the Court defer setting additional deadlines— including for expert disclosures, the close of discovery, and motions practice—until after it resolves Plaintiffs' conditional certification motion.  If the Court is not inclined to defer setting further deadlines, Plaintiffs propose the following:

| | |
|---|---|
| Initial expert disclosures: | March 2, 2018 |
| Rebuttal expert disclosures: | April 6, 2018 |
| Discovery-related motions: | Must be filed by July 6, 2018 |
| Discovery cutoff: | August 31, 2018 |
| Non-discovery motion cutoff: | October, 2019 |

| | | |
|---|---|---|
| 1 | Final pretrial conference: | January 4, 2019 |
| 2 | Trial: | 90 days after the final pretrial conference |
| 3 | | (approximately 10 trial days in length) |

**Defendant's Statement:** To the extent Plaintiffs wish to pursue this case as a collective action, merits discovery should be stayed until an order issues on conditional certification of the collective action. If the Court is not inclined to stay merits discovery pending an order on conditional certification, Defendant proposes the below schedule:

| | | |
|---|---|---|
| Discovery cutoff: | June 6, 2018 |
| Discovery motion cutoff: | July 6, 2018 (last day to hear) |
| Initial expert disclosures: | July 6, 2018 |
| Rebuttal expert disclosures: | August 8, 2018 |
| Expert discovery cutoff: | September 7, 2018 |
| Expert motion cutoff: | October 5, 2018 (last day to hear) |
| Dispositive motion cutoff: | December 7, 2018 (last day to hear) |
| Final pretrial conference: | January 4, 2019 |
| Trial: | 90 days after the final pretrial conference |
| | (approximately 10 trial days in length) |

    **c.  Changes to Limitation on Discovery:**

**Plaintiffs' Statement:** No deviations from the limitations on discovery set forth in the Local Rules or Federal Rules of Civil Procedure are anticipated at this time, although additional depositions may be necessary depending on the outcome of Plaintiffs' certification motions.

**Defendant's Statement:** No changes to the limitations on discovery need be imposed at this time. However, should additional plaintiffs consent to join this case, additional depositions may be necessary.

    **7.**    **Related Cases:**

This case is not related to any other case on file in this District, including the Bankruptcy Courts of this District.

//

**8.     Other Matters to be Addressed at Case Management Conference:**

   a. **Anticipated Motions:**

**Plaintiffs' Statement:** Plaintiffs anticipate moving for an order conditionally certifying this case as a collective action and facilitating a proposed notice procedure pursuant to 29 U.S.C. section 216(b). Plaintiffs will seek to notify potential opt-in plaintiffs in accordance with *Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165 (1989). Additionally, Plaintiffs plan to move for summary judgment/adjudication on various legal issues before trial.

**Defendant's Statement:** Defendant intends to file a motion for summary judgment or partial summary judgment on various legal issues, including but not limited to liability and Defendant's affirmative defenses. Defendant may file a motion to stay an arbitration proceeding pursued concurrently by Plaintiffs' collective bargaining group with substantially similar claims.

   b. **Prospect for Settlement**:

**Plaintiffs' Statement:** Plaintiffs want to settle this case. Plaintiffs decline to stipulate to the trial judge acting as settlement judge at this time. Plaintiffs believe alternative dispute resolution services outside the Voluntary Dispute Resolution Program sponsored by the Court may be appropriate to facilitate future settlement discussions.

**Defendant's Statement:** The District is open to settlement discussions. Due to cost, the District would prefer pursuing options within the Court's Voluntary Dispute Resolution Program and/or believes a court-convened settlement conference before a Magistrate Judge should be scheduled.

Respectfully submitted,

Dated: June 1, 2017                    **MASTAGNI HOLSTEDT, APC**


                                       By:   /s/  David E. Mastagni
                                       DAVID E. MASTAGNI, ESQ.
                                       ISAAC S. STEVENS, ESQ.
                                       ACE T. TATE, ESQ.
                                       Attorneys for Plaintiffs

1  Dated: June 1, 2017                            **LIEBERT CASSIDY WHITMORE**

3                                                 By:  /s/ *Morin I. Jacob*
                                                  MORIN I. JACOB
4                                                 LISA S. CHARBONNEAU
                                                  Attorneys for Defendant