Morin I. Jacob, Bar No. 204598
mjacob@lcwlegal.com
Lisa S. Charbonneau, Bar No. 245906
lcharbonneau@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105
Telephone:   415.512.3000
Facsimile:    415.856.0306

Attorneys for Defendant SACRAMENTO METROPOLITAN FIRE DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| TRACEY VALENTINE, on behalf of herself and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO METROPOLITAN FIRE DISTRICT,<br><br>Defendant. | Case No.: 2:17-cv-00827-KJM-EFB<br><br>Complaint Filed: April 20, 2017<br><br>**DEFENDANT SACRAMENTO METROPOLITAN FIRE DISTRICT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND FACILITATED NOTICE**<br><br>[Filed Concurrently with [Proposed] Order on Conditional Certification and Notice to Potential Collective Action Members and Exhibit A]<br><br>Date:  October 20, 2017<br>Time: 10:00 am<br>Courtroom:  3, 15th Floor |

Defendant Sacramento Metropolitan Fire District ("District" or "Defendant") hereby submits its Opposition to Plaintiff Tracy Valentine, *et al.*'s ("Plaintiffs") Motion for Conditional Certification and Facilitated Notice Pursuant to 29 U.S.C. section 216(b).

I.   **INTRODUCTION**

Due to the lenient standard applied on a motion for conditional certification of a collective action, Defendant only partially opposes Plaintiffs' motion. Indeed, attached to this motion as Exhibit A to the [Proposed] Order is the District's proposed Notice to Potential Collective Action Members, which is substantially similar to that proposed by Plaintiffs but is more accurate and addresses the concerns discussed below.

8300209.3 SA012-018

1

## II. THE PROPOSED COLLECTIVE ACTION IS OVERBROAD BECAUSE IT INCLUDES OVERTIME OTHER THAN STATUTORY/FLSA OVERTIME

Plaintiffs' proposed collective action includes current and former employees of Defendant "who have worked overtime and received cash payments in lieu of District-provided health insurance and/or compensation in lieu of holidays since April 20, 2014." (Dkt. 23-5, p. 4.) Defendant is in substantial agreement with Plaintiffs' proposed conditional certification collective action definition, except to the extent it fails to limit the collective action to individuals who have worked *statutory* overtime, i.e. overtime as defined by the Fair Labor Standards Act (FLSA). Because the negotiated overtime provisions set forth in the District's collective bargaining agreements are more generous than the FLSA requires, the District pays overtime premiums in circumstances not required under the FLSA. Therefore, this potential collective action must be limited to employees who worked *statutory/FLSA* overtime.

For example, pursuant to her negotiated labor agreement, Plaintiff Tracy Valentine is entitled to premium overtime compensation whenever she works hours in excess of her shift, regardless of how many hours she actually worked in a 24-day work period. In contrast, under the FLSA, Plaintiff Valentine is only entitled to overtime when her total hours worked in a 24-day work period – exclusive of paid leave hours – exceeds 182. (29 U.S.C. section 207(k).) Where the overtime is not based on the requirements of the FLSA, current/former employees are not similarly situated and cannot state a claim in the current action because they cannot allege a violation of the FLSA. Overtime not mandated by the FLSA is not properly at issue in this lawsuit, except to the extent Defendant is permitted to use such premium overtime compensation to reduce any alleged FLSA liability. (See 29 U.S.C. section 207(h).)

## III. THE PROPOSED COLLECTIVE ACTION IS OVERBROAD BECAUSE IT FAILS TO EXCLUDE EXEMPT CURRENT / FORMER EMPLOYEES

Under the FLSA, executive, administrative, and professional employees are exempted from the FLSA's overtime requirements. (29 C.F.R. Part 541.) Because this case solely concerns whether Defendant owes current or former employees back overtime compensation under the FLSA, exempt individuals are not similarly situated and cannot state a claim in the current action. Therefore, the proposed collective action should be limited to non-exempt current or former

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

employees.

## IV. THE NOTICE PERIOD SHOULD RUN FROM THE DATE OF THIS COURT'S ORDER

Plaintiffs' seek to notify all current/former affected employees who have worked overtime and received certain payments from April 20, 2014 to the present. (Dkt. 23-5, p. 1.) April 20, 2014 is three years from when the Complaint was filed. However, the claims of any putative collective action member commence when he or she opts-into the lawsuit by filing written consent. (29 U.S.C. section 256(b).) Therefore, no individual separated from the District more than three years prior to filing a written consent has a viable claim in this Action. Notice should only be transmitted to employees who have worked for the District within three years from the date of the Court's order granting conditional certification.

## V. THE NOTICE SHOULD HAVE AN OPT-IN PERIOD

Defendant opposes Plaintiffs' Proposed Order and Proposed Notice due to the lack of a limitation on the time period for potential plaintiffs to join this lawsuit. The collective action mechanism exists to efficiently adjudicate similarly situated employees' potential FLSA claims. Generally, an opt-in period is necessary so the Court can determine the scope of the proposed collective action and evaluate whether plaintiffs who have opted-in are similarly situated. (See *Dualan v. Jacob Transportation Servs*., LLC, 172 F. Supp. 3d 1138, 1145 (D. Nev. 2016).) Accordingly, Defendant proposes a reasonable forty-five day period for putative plaintiffs to join this lawsuit. The forty-five day period should run from the date the Notice is postmarked.

## VI. PLAINTIFFS' PROPOSED METHOD OF NOTIFYING CURRENT EMPLOYEES IS TOO RESTRICTIVE, IMPRACTICAL, AND WILL CONFUSE PUTATIVE PLAINTIFFS

Defendant also opposes the portion of Plaintiffs' Proposed Order requiring notice to be given through current employees' work-issued email addresses. Defendant should be permitted to send the notices via first class mail to employees' mailing addresses on file with the District.

//

//

//

## VII. DEFENDANT'S PROPOSED NOTICE AND PROPOSED ORDER

Defendant has filed its own Proposed Order and Proposed Notice (Exhibit A) along with this Opposition brief.[1] Defendant's Proposed Order and Proposed Notice address the concerns described above via modification of Plaintiffs' Proposed Order and Proposed Notice. Defendant's Proposed Order and Proposed Notice is more fair and accurate than the version submitted by Plaintiffs.

## VIII. IN THE ALTERNATIVE, THIS COURT SHOULD ORDER THE PARTIES TO MEET AND CONFER REGARDING THE FORM OF NOTICE

If the Court does not order the use of Defendant's Proposed Order and Proposed Notice, the Court should order the Parties to meet and confer regarding the form of the proposed notice. The Parties should be given thirty days to submit a joint proposal for the notice to the potential collective action. (See *Mitchell v. Acosta Sales, LLC,* 841 F. Supp. 2d 1105, 1120 (C.D. Cal. 2011) – on grant of conditional certification, parties ordered to confer regarding notice, including opt-in deadline; *Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 631 (E.D. Cal. 2009).)

## IX. CONCLUSION

For all the above reasons, Defendant requests this Court approve the Defendant's Notice to Potential Collective Action, which limits notice to current and former non-exempt employees who worked statutory overtime under the Fair Labor Standards Act (FLSA) and received cash payments in lieu of health insurance and/or cash payments in lieu of holidays at any time since three years prior to the date of this Court's order.

Dated:  October 6, 2017                    Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By:     */s/  Morin I. Jacob*
        Morin I. Jacob
        Lisa S. Charbonneau
        Attorneys for Defendant SACRAMENTO
        METROPOLITAN FIRE DISTRICT

---

[1] Defendant's [Proposed] Order and proposed Notice to Potential Collective Action Members (Exhibit A) are revisions of Plaintiffs' [Proposed] Order and Notice. Therefore, for the Court's convenience, Defendant's [Proposed] Order and Notice (Exhibit A) contains both the final, "clean" version and the tracked changes versions of both documents so the Court can see the difference between the versions filed by the Parties.

8300209.3 SA012-018

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105