IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY VALENTINE, et al. on behalf of herself and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO METROPOLITAN FIRE DISTRICT,<br><br>Defendant. | Case 2:17-cv-00827-KJM-EFB<br><br>Complaint Filed: April 20, 2017<br><br>**[PROPOSED] ORDER ON CONDITIONAL CERTIFICATION AND NOTICE TO POTENTIAL COLLECTIVE ACTION MEMBERS**<br><br>[Filed concurrently with Defendant's Opposition to Plaintiff's Motion for Conditional Certification and Facilitated Notice and Exhibit A] |

This is a Fair Labor Standards Act case alleging the underpayment of overtime caused by the unlawful exclusion of certain remuneration in the calculation of Plaintiff's pay. Pending before this Court is Plaintiff's motion to conditionally certify this case as a collective action and facilitate a proposed notice procedure pursuant to 29 U.S.C. section 216(b). Plaintiff seeks to notify potential collective action members in accordance with *Hoffman-La Roche, Inc. v. Sperling* (1989) 493 U.S. 165. Good cause appearing to this Court, IT IS HEREBY ORDERED THAT:

1. This is a collective action conditionally certified as affecting a group of similarly situated individuals consisting of current or former non-exempt employees of the Sacramento

Metropolitan Fire District who have worked statutory overtime under the Fair Labor Standards Act (FLSA) and received cash payments in lieu of health insurance and/or cash payments in lieu of holidays at any time since three years prior to the date of this Order.

2. Plaintiff Tracey Valentine is appointed collective action representative.

3. Plaintiff's counsel, Mastagni Holstedt, APC, is appointed counsel for this collective action.

4. The proposed notice to potential collective action members attached as Exhibit A hereto is approved as fair and accurate.

5. Within thirty (30) days of this Order, Defendant shall distribute the notice, attached as Exhibit A hereto, to all current non-exempt employees who have worked statutory/FLSA overtime at Sacramento Metropolitan Fire District and received cash payments in lieu of health insurance and/or cash payments in lieu of holidays at any time since three years prior to the date of this Order, by first class mail to the employee's home mailing address on file with Defendant.

6. Within thirty (30) days of this Order, Defendant shall distribute the notice attached as Exhibit A hereto, to all former non-exempt employees who have worked statutory/FLSA overtime at Sacramento Metropolitan Fire District and received cash payments in lieu of health insurance and/or cash payments in lieu of holidays at any time since three years prior to the date of this Order, by first class mail to the former employees' last known home mailing address.

7. Within forty-five (45) days of this Order, Defendant shall provide Plaintiff's counsel with proof of distribution of the notice as set forth above.

1  9. The last day to opt-in to this collective action shall be forty-five (45) days from

2 the date the Notice is postmarked.  Individuals who have not filed Consent forms by that date

3 may not participate in this lawsuit.

4

5 IT IS SO ORDERED.

6

7 DATED: _____           _____
                                    HONORABLE KIMBERELY J. MUELLER
8                                   UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY VALENTINE, et al. on behalf of herself and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO METROPOLITAN FIRE DISTRICT,<br><br>Defendant. | Case 2:17-cv-00827-KJM-EFB<br><br>Complaint Filed: April 20, 2017<br><br>**[PROPOSED] ORDER ON CONDITIONAL CERTIFICATION AND NOTICE TO POTENTIAL COLLECTIVE ACTION MEMBERS GRANTING MOTION FOR CONDITIONAL CERTIFICATION AND FACILITATED NOTICE PURSUANT 29 U.S.C. § 216(b)**<br><br>[Filed concurrently with Defendant's Opposition to Plaintiff's Motion for Conditional Certification and Facilitated Notice and Exhibit A] |

This is a Fair Labor Standards Act case alleging the underpayment of overtime caused by the unlawful exclusion of certain remuneration in the calculation of Plaintiff's pay. Pending before this Court is Plaintiff's motion to conditionally certify this case as a collective action and facilitate a proposed notice procedure pursuant to 29 U.S.C. section 216(b). Plaintiff seeks to notify potential collective action members ~~opt-in plaintiffs~~ in accordance with *Hoffman-La Roche, Inc. v. Sperling* (1989) 493 U.S. 165. Good cause appearing to this Court, IT IS HEREBY ORDERED THAT:

1.      This is a collective action conditionally certified as affecting a group of similarly situated individuals consisting of ~~any and all~~ current or former <u>non-exempt</u> employees of the Sacramento Metropolitan Fire District who have worked ~~overtime and~~ <u>statutory overtime under the Fair Labor Standards Act (FLSA) and received cash payments in lieu of health insurance and/or cash payments in lieu of holidays at any time since three years prior to the date of this Order.</u>

~~received cash payments in lieu of District-provided health insurance and/or compensation in lieu of Holidays within the same work period at any time since April 20, 2014.~~

2.      Plaintiff Tracey Valentine is appointed collective action representative.

3.      Plaintiff's counsel, Mastagni Holstedt, APC, is appointed counsel for this collective action.

4.      The proposed notice to potential collective action members attached as Exhibit A hereto is approved as fair and accurate.

5.      Within <u>thirty (30</u>~~fourteen (14~~) days of this Order, Defendant shall distribute the notice, attached as Exhibit A hereto, to all current <u>non-exempt</u> employees who have worked <u>statutory/FLSA</u> overtime <u>at Sacramento Metropolitan Fire District and received cash payments in lieu of health insurance and/or cash payments in lieu of holidays at any time since three years prior to the date of this Order, by first class mail to the employee's home mailing address on file with Defendant.</u>~~and received cash payments in lieu of District-provided health insurance and/or compensation in lieu of Holidays within the same work period at any time since April 20, 2014, via the employees' work-issued email addresses.~~

6.    Within ~~fourteen~~ thirty (~~14~~30) days of this Order, Defendant shall distribute the notice~~,~~ attached as Exhibit A hereto, to all former <u>non-exempt</u> employees who have worked <u>statutory/FLSA overtime at Sacramento Metropolitan Fire District and received cash payments in lieu of health insurance and/or cash payments in lieu of holidays at any time since three years prior to the date of this Order</u>~~overtime and received cash payments in lieu of District-provided health insurance and/or compensation in lieu of Holidays within the same work period, and were employed by Defendant since April 20, 2014~~, by first class mail to the former employees' last known <u>home</u> mailing address.

7.    Within <u>forty-five</u> ~~twenty-one~~ (~~21~~45) days of this Order, Defendant shall provide Plaintiff's counsel with proof of distribution of the notice as set forth above.

<u>9.    The last day to opt-in to this collective action shall be forty-five (45) days from the date the Notice is postmarked.  Individuals who have not filed Consent forms by that date may not participate in this lawsuit.</u>

IT IS SO ORDERED<u>.</u>~~:~~

DATED: _____                   _____
                                                              HONORABLE KIMBERELY J. MUELLER~~,~~
                                                              UNITED STATES DISTRICT JUDGE

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

*TRACEY VALENTINE, et al. v. SACRAMENTO METROPOLITAN FIRE DISTRICT*
Case 2:17-cv-00827-KJM-EFB

**IMPORTANT NOTIFICATION TO POTENTIAL COLLECTIVE ACTION MEMBERS**

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR DEFENDANT'S DEFENSES.**

*Please read carefully. Your legal rights may be affected.*

**TO:** All current or former non-exempt employees of the Sacramento Metropolitan Fire District who have worked statutory overtime under the Fair Labor Standards Act (FLSA) and received cash payments in lieu of health insurance and/or cash payments in lieu of holidays at any time since [insert date three years prior to date of order granting conditional certification].

**RE:** LAWSUIT ASSERTING VIOLATIONS OF FEDERAL WAGE LAWS AGAINST SACRAMENTO METROPOLITAN FIRE DISTRICT

## INTRODUCTION

This Notice is being sent to you by Order and under supervision of the United States District Court for the Eastern District of California. The purposes of this notice are to advise you of how your rights may be affected by this lawsuit and to instruct you on the procedure for participating in this lawsuit. You have been sent this notice because employment records indicate that you may be "similarly situated" to the named Plaintiff Tracey Valentine.

## DESCRIPTION OF LAWSUIT

On April 20, 2017, Plaintiff Valentine brought this lawsuit against the Sacramento Metropolitan Fire District (SMFD) on behalf of herself and all current and former non-exempt employees of SMFD who have worked statutory overtime for SMFD and received cash payments in lieu of health insurance and/or cash payments in lieu of holidays at any time since [insert date three years prior to date of order granting conditional certification].   The complaint alleges SMFD violated the FLSA by failing to include these payments into the regular rate of pay for purposes of determining statutory overtime compensation resulting in an underpayment of legally required overtime wages. Plaintiff alleges she is entitled to recover unpaid overtime from April 20, 2014, plus liquidated damages in an equal amount, and attorney fees and costs.   Sacramento Metropolitan Fire District denies Plaintiff's allegations and is defending against Plaintiff's claims.

Plaintiff's claims in this action are limited to a two (2) or potentially three (3) year "statute of limitations."   If you choose to join this lawsuit, you may be able to recover damages only for statutory overtime hours worked within three years preceding the date your "Consent to be Included as an Individual Plaintiff" form is filed with the Court.

## HOW TO JOIN THIS LAWSUIT

If, at any time since [insert date of court order granting conditional certification], you worked for Sacramento Metropolitan Fire District in a non-exempt classification, worked statutory overtime, and received cash payments in lieu of health insurance and/or cash payments in lieu of holidays, you may join this lawsuit. To join the lawsuit, you must contact Plaintiff's counsel using the below contact information.

| | |
|---|---|
| David E. Mastagni, Esq. | Email: sacmetroflsa@mastagni.com |
| Isaac Stevens, Esq. | Phone: (916) 446-4692 |
| Ace T. Tate, Esq. | Fax: (916) 447-4614 |
| Ian B. Sangster, Esq. | Website: http://www.mastagni.com |
| Mastagni Holstedt, APC | |
| 1912 I Street | |
| Sacramento, California 95811 | |

If you do not contact Plaintiff's counsel and arrange for them to file a "Consent to be Included as an Individual Plaintiff" form on your behalf within forty-five (45) days from the postmark date of this Notice, you may not be able to participate in this lawsuit.

If you choose to join this lawsuit, you will be bound by any judgment or settlement, whether it is favorable or unfavorable. While this lawsuit is proceeding, you may be required to respond under oath to written questions, testify in deposition, and/or testify in court.

Plaintiff's attorneys have taken this case on a contingency fee. They shall advance all reasonable litigation costs and you will not be obligated to reimburse Plaintiff's attorneys for any costs advanced if no recovery is obtained. Plaintiff's attorneys may be entitled to receive attorney fees and costs from Sacramento Metropolitan Fire District should there be a recovery or judgment in favor of the Plaintiff. If there is a recovery, Plaintiff's attorneys will apply to receive an award of separate attorney fees, or a percentage of any common fund judgment or settlement obtained in favor of Plaintiff, but not both. If there is no recovery or judgment in Plaintiff's favor, Plaintiff's attorneys will not seek any attorney fees or costs from anyone.

## NO RETALIATION PERMITTED

Under federal law, it is illegal for the Sacramento Metropolitan Fire District to retaliate against you for joining this lawsuit.

## EFFECT OF NOT JOINING THIS LAWSUIT

If you do not contact Plaintiff's counsel and arrange for them to file a Consent form on your behalf, you will not be joined in this lawsuit and will not be bound by any judgment or settlement, whether favorable or unfavorable. If you do not join this lawsuit, you may not receive any back overtime wages or other relief from this case if the Plaintiff prevails on her FLSA claims.

## QUESTIONS REGARDING THIS NOTICE

If you have any questions regarding this notice, you may contact Plaintiff's counsel, David E. Mastagni, Esq., Isaac Stevens, Esq., Ace Tate, Esq., or Ian Sangster, Esq., of Mastagni Holstedt, APC.

8310262.2 SA012-018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

*TRACEY VALENTINE, et al. v. SACRAMENTO METROPOLITAN FIRE DISTRICT*
Case 2:17-cv-00827-KJM-EFB

**IMPORTANT NOTIFICATION TO POTENTIAL COLLECTIVE ACTION MEMBERS**

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR DEFENDANT'S DEFENSES.**

*Please read carefully. Your legal rights may be affected.*

**TO:** ~~Any and a~~All current or former non-exempt employees of the Sacramento Metropolitan Fire District who have worked statutory overtime under the Fair Labor Standards Act (FLSA) and received cash payments in lieu of ~~District-provided~~ health insurance and/or cash payments ~~ompensation~~ in lieu of ~~H~~holidays ~~within the same work period~~ at any time since ~~April 20, 2014~~[insert date three years prior to date of order granting conditional certification].

**RE:** LAWSUIT ASSERTING VIOLATIONS OF FEDERAL WAGE LAWS AGAINST SACRAMENTO METROPOLITAN FIRE DISTRICT

**INTRODUCTION**

This Notice is being sent to you by Order and under supervision of the United States District Court for the Eastern District of California. The purposes of this notice are ~~is: (1) to inform you of the existence of a collective action lawsuit filed against the Sacramento Metropolitan Fire District; (2)~~ to advise you of how your rights may be affected by this lawsuit~~;~~ and ~~(3)~~ to instruct you on the procedure for participating in this lawsuit. You have been sent this notice because employment records indicate that you may be "~~A~~similarly situated"~~~~ to the named Plaintiff Tracey Valentine.

**DESCRIPTION OF LAWSUIT**

On April 20, 2017~~4~~, Plaintiff ~~the named Plaintiff~~ Valentine brought this lawsuit against the Sacramento Metropolitan Fire District (SMFD) on behalf of herself and all current and former ~~Sacramento Metropolitan Fire District~~ non-exempt employees of SMFD who have worked statutory overtime for SMFD ~~the District~~ and received cash payments in lieu of health insurance and/or cash payments in lieu of holidays at any time since [insert date three years prior to date of order granting conditional certification]. ~~and received cash payments in lieu of District-provided health insurance and/or compensation in lieu of Holidays since April 20, 2014. T~~The complaint alleges ~~Plaintiff is entitled to additional overtime pay under the Fair Labor Standards Act (FLSA). The lawsuit alleges the District violated the FLSA by failing to pay Plaintiff the full amount due for all overtime hours worked. The lawsuit alleges the District~~ SMFD violated the FLSA by fail~~ed~~ing to include these ~~cash~~ payments into the regular rate of pay for purposes of determining statutory overtime compensation resulting in an underpayment of legally required overtime wages. Plaintiff alleges she is entitled to recover unpaid overtime from April 20, 2014, plus liquidated damages in an equal amount, and attorney fees and costs.  ~~The District~~Sacramento Metropolitan Fire District denies Plaintiff~~=~~'s allegations and is defending against Plaintiff~~=~~'s claims.

Plaintiff='s claims in this action are limited to a two (2) or potentially three (3) year A"statute of limitations.@"  If you choose to join this lawsuit, you may be able to recover damages only for statutory overtime hours worked within three years preceding the date your "Consent to be Included as an Individual Plaintiff" form is filed with the Court.   is time period.

## HOW TO JOIN THIS LAWSUIT

Under the FLSA, Asimilarly situated@ employees may join the existing lawsuit.  If, at any time since [insert date of court order granting conditional certification],  you worked for the Sacramento Metropolitan Fire District in a non-exempt classification, at any time since April 20, 2014, worked statutory overtime, and received cash payments in lieu of health insurance and/or cash payments in lieu of holidays, and received cash payments in lieu of District-provided health insurance and/or compensation for Holidays and worked overtime during the same work period at any time, you may join this lawsuit. To join the lawsuit, Should you wish to join this lawsuit, you must contact Plaintiff='s counsel using the below   in sufficient time to allow Plaintiff='s counsel to file a AConsent to be Included as Individual Plaintiff@ form with the court. Plaintiff=s counsel=s contact information is set forth below.

| | |
|---|---|
| David E. Mastagni, Esq. | Email: sacmetroflsa@mastagni.com |
| Isaac Stevens, Esq. | Phone: (916) 446-4692 |
| Ace T. Tate, Esq. | Fax: (916) 447-4614 |
| Ian B. Sangster, Esq. | Wwebsite: http://www.mastagni.com |
| Mastagni Holstedt, APC | |
| 1912 I Street | |
| Sacramento, California 95811 | |

If you do not contact Plaintiff='s counsel and arrange for them to file a "Consent to be Included as an Individual Plaintiff" form on your behalf within forty-five (45) days from the postmark date of this Notice, you may not be able to participate in this lawsuit.

If you choose to join this lawsuit, you will be bound by any judgment or settlement, whether it is favorable or unfavorable.   While this lawsuit is proceeding, you may be required to respond under oath to written questions, testify in deposition, and/or testify in court.

Plaintiff='s attorneys have taken this case on a contingency fee. They shall advance all reasonable litigation costs and you will not be obligated to reimburse Plaintiff's attorneys for any costs advanced if no recovery is obtained.   Plaintiff's attorneys may be entitled to receive attorney fees and costs from the Sacramento Metropolitan Fire District should there be a recovery or judgment in favor of the Plaintiff.   If there is a recovery, Plaintiff='s attorneys will apply to receive an award of separate attorney fees, or a percentage of any common fund judgment or settlement obtained in favor of Plaintiff, but not both.   If there is no recovery or judgment in Plaintiff='s favor, Plaintiff='s attorneys will not seek any attorney fees or costs from anyone.

## NO RETALIATION PERMITTED

Under federal law, it is illegal for the Sacramento Metropolitan Fire District to retaliate against you for joining this lawsuit.

## EFFECT OF NOT JOINING THIS LAWSUIT

If you do not contact Plaintiff's counsel and arrange for them to file a Consent form on your behalf, you will not be joined in this lawsuit and will not be bound by any judgment or settlement, whether favorable or unfavorable. If you do not join this lawsuit, you ~~will~~ may not receive any back overtime wages or other relief from this case if the Plaintiff prevails on her FLSA claims. ~~Federal law (FLSA) requires that any claims for overtime compensation must be filed, if at all, in a state or federal court within two (2) years (or within three (3) years if the violation was willful as defined by law). Any claims for overtime pay under federal law that are not filed within these limits are likely to be denied as untimely.~~

## QUESTIONS REGARDING THIS NOTICE

If you have any questions regarding this notice, you may contact Plaintiff's counsel, David E. Mastagni, Esq., Isaac Stevens, Esq., Ace Tate, Esq., or Ian Sangster, Esq., of Mastagni Holstedt, APC.