## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release ("Agreement") is entered into by and between Defendant SACRAMENTO METROPOLITAN FIRE DISTRICT ("District") and Plaintiffs TRACEY VALENTINE, *ET AL.* (*see* **Exhibit A**) ("Plaintiffs"), (collectively the "Parties").  The Agreement is effective on the Effective Date set forth below.

## RECITALS

A.     Whereas, Plaintiffs are or were employed by the District;

B.     Whereas, on April 20, 2017, Plaintiff Tracey Valentine filed a putative collective action entitled, *Tracey Valentine, et al. v. Sacramento Metropolitan Fire District*, United States District Court, Eastern District of California, Case No. 2:17-cv-00827-KJM-EFB (the "Action"), which alleges the District violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201, *et seq.*, by failing to correctly pay FLSA overtime compensation; and

C.     Whereas, Plaintiffs' complaint alleges violations of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA") and seeks recovery of allegedly unpaid back overtime pay and liquidated damages under a three-year statute of limitations, as well as attorneys' fees and costs ("Complaint"); and

D.     Whereas, the Complaint alleges that the District owes back overtime pay to current and former non-exempt employees who received payments in lieu of health benefits ("cash-in-lieu") anytime since three years from either the date the Complaint was filed or the date each Plaintiff filed a consent to be included in the Action; and

E.     Whereas, on May 11, 2017 the District filed an Answer to the Complaint denying the material allegations and asserting affirmative defenses thereto; and

F.     Whereas, the Complaint was conditionally certified as a collective action on behalf of individuals similarly situated to Plaintiff Valentine and by January 29, 2018, five hundred and thirty-four (534) current or former District employees had opted-in to the Action; and

G.     Whereas, on September 21, 2018, the Parties submitted a joint stipulation to the Court to voluntarily dismiss sixteen (16) Plaintiffs from the Action without prejudice (Dkt No. 69); and

H.     Whereas, the Parties have engaged in extensive arms-length settlement negotiations regarding Plaintiffs' FLSA claim regarding cash-in-lieu, as well as Plaintiffs' FLSA claim that the District owes back overtime wages to Plaintiffs who have received "holiday-in-lieu" pay during the liability period, and Plaintiffs' claim that the District also failed to correctly pay overtime compensation pursuant to the labor agreements entered into between the District and Plaintiffs' respective bargaining units (MOUs).  Such settlement negotiations included participating in two full-day settlement conferences before Magistrate Judge Allison

1

Claire on February 8, 2018 and February 15, 2018, at the conclusion of which, the Parties reached tentative settlement on material terms in principle. A copy of the finalized and fully agreed-to material terms of settlement ("Master Agreement") is attached to this Agreement as **Exhibit B**. As part of the settlement process, the Parties exchanged substantive legal briefing and evaluated payroll and timekeeping data relevant to calculating back pay; and

I. Whereas, effective with the February 2018 payroll, the District added cash-in-lieu into its MOU overtime calculation practices, which more than meets its overtime obligations under the FLSA; and

J. Whereas, pursuant to the Parties' Master Agreement, effective with the March 2018 payroll, the District will have included holiday-in-lieu pay into its overtime calculation practices, which will more than meet its overtime obligations under the FLSA; and

K. Whereas, the Parties wish to avoid the potential uncertainty, expense, and delay of litigation and have therefore, based upon their arms-length negotiations, agreed to a settlement of the Action; and

L. Whereas, Plaintiffs' claims are in all respects controverted, and the applicability of the FLSA to the facts as alleged in the Complaint, as well as the applicable level of compensation, and all other claims, allegations, and requests for damages are disputed; and

M. Whereas, the potential recovery at trial, if any, remains unknown, but the Parties believe that the terms of this Agreement are consistent with and within the range of a reasonable result that Plaintiffs might expect to obtain if they prevailed after a trial; and

N. Whereas, as a result of their negotiations, the Parties wish to settle the Action and resolve and release all disputes and claims arising out of the Action against the District.

**NOW THEREFORE**, in consideration for the mutual promises and undertakings of the Parties as set forth below, the Parties enter into this Agreement and agree as follows:

## TERMS

1.     **SETTLEMENT AMOUNT**

Subject to the Court's approval of this Agreement, the District shall pay a total of $1,376,827.22 in this Action, and this amount shall include all of Plaintiffs' damages, attorneys' fees, and costs to settle the Action. The allocation of the Settlement Amount is described below. Although the Parties do not agree that there is liability regarding Plaintiffs' claims, for purposes of this Agreement, the settlement amount represents the agreed upon amount for all overtime compensation allegedly owed to Plaintiffs, arising from an alleged three-year statute of limitations for recovery relief, and any and all other damages and/or relief recoverable in the Action, including liquidated damages, attorneys' fees and costs, for the full liability period alleged in the Action.

**a) Payment to Plaintiffs**: The total sum of $1,100,661.78 is allocated to Plaintiffs as set forth in **Exhibit A**. The District will issue payment to each Plaintiff no later than 45 days from the Effective Date of this Agreement. The payments will be subject to tax withholdings as required by law. Plaintiffs acknowledge that the District has made no representations to them or their counsel regarding the tax consequences of any amounts received by them pursuant to this Agreement.

**b) Incentive Payment to Collective Action Representative:** The District shall issue payment in the amount of $1000 to Plaintiff Tracey Valentine due to her appointment as collective action representative by the Court. The $1000 payment to Tracey Valentine is in addition to the payment amount set forth in **Exhibit A** and is included in the total Settlement Amount of $1,376,827.22. The District will issue this payment no later than 45 days from the Effective Date of this Agreement. The payments will be subject to tax withholdings as required by law. Plaintiff Valentine acknowledges that the District has made no representations to her or her counsel regarding the tax consequences of this amount.

**c) Attorneys' Fees and Costs**: The District shall issue payment in the amount of $275,165.44 to counsel for Plaintiffs, the law firm of Mastagni Holstedt, for Plaintiffs' attorneys' fees and costs. The $275,165.44 payment to Mastagni Holstedt is included in the total Settlement Amount of $1,376,827.22. The District will issue this payment no later than 45 days from the Effective Date of this Agreement. Except as provided here, each Party will bear its own attorneys' fees and costs.

## 2.   DISMISSAL OF PENDING ACTION

Each of the Plaintiffs agrees to dismiss with prejudice their claims in the Action, and to withdraw or dismiss any other complaint, claim, grievance, or charge that he or she has filed against the District seeking FLSA and/or MOU overtime compensation relating to or arising from the claims raised in this Action and occurring up to and including the Effective Date of this Agreement. This Agreement extends to any such complaint, claim, grievance, or charge for FLSA and/or MOU overtime compensation filed in any state or federal court, with any administrative body, agency, board, commission, or other entity whatsoever.

## 3.   GENERAL RELEASE

Plaintiffs accept this settlement, and understand that Plaintiffs' acceptance of this settlement constitutes a full and complete settlement of all claims against Defendant District under the FLSA and/or the MOU that may exist or have existed up to and including the Effective Date of this Agreement, including all claims made in this lawsuit for unpaid overtime, liquidated damages and attorneys' fees, and Plaintiffs hereby fully, finally and completely release, waive and discharge Defendant District, and its officers, agents, employees, successors and assigns from any further claims under the FLSA and/or the MOU for anything relating to or arising from the claims raised in this Action occurring up to and including the Effective Date of this Agreement. Plaintiffs reserve the right to pursue any FLSA and/or MOU claims that they might have for events occurring after the Effective Date of this Agreement.

All Parties to this settlement understand that this Release extends only to all grievances, disputes or claims of every nature and kind, known or unknown, suspected or unsuspected, arising from or attributable to Plaintiffs' FLSA and/or MOU overtime claims related to or arising from this Action up to and including the Effective Date of this Agreement. The Parties understand that this release does not include claims relating to conduct or activity not attributable to Plaintiffs' FLSA and/or MOU overtime claims relating to or arising from the this Action or to any conduct or activity which occurs after the Effective Date of this Agreement. The Parties understand that this is a compromise settlement of disputed claims, and that nothing herein shall be deemed or construed at any time or for any purpose as an admission of the merits of any claim or defense.

The Parties further acknowledge that any and all rights granted them under section 1542 of the California Civil Code are hereby expressly waived regarding Plaintiffs' FLSA and/or MOU overtime claims relating to or arising from the this Action up to and including the Effective Date of this Agreement, but not as to claims other than FLSA and MOU claims. Section 1542 of the California Civil Code provides as follows:

> SECTION 1542. CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## 4.   RELEASE OF DISTRICT'S CLAIMS

In exchange for Plaintiffs' release of claims, the District releases any claim for attorney's fees and costs incurred in this proceeding against any Plaintiffs.

## 5.   KNOWLEDGE OF PARTIES

The Parties understand and agree to the settlement, this Agreement, and the terms and conditions contained herein, and enter into this Agreement knowingly and voluntarily. Plaintiffs have been advised that they have the right to seek legal advice with respect to this Agreement, including the release, have had the opportunity to consult with counsel, and have in fact consulted with counsel of their choice. The Parties have investigated the facts pertaining to the settlement and the Agreement and all matters pertaining thereto as deemed necessary. The Parties have relied upon their judgment, belief, knowledge, understanding, and expertise after having been afforded the opportunity to consult with their counsel concerning the legal effect of the settlement and its terms. By signing this document and the releases attached as **Exhibit C**, the Parties signify their full understanding, agreement, and acceptance of the Agreement.

\\

8573626.2 SA012-018

**6.    ENTIRE AGREEMENT**

This Agreement, **Exhibits A** and **B**, and the Acknowledgment and Release forms for each Plaintiff attached as **Exhibit C**, constitute the entire agreement between the Parties regarding this Action.  No other promise or inducement has been offered for this Agreement. Unless ordered otherwise by the Court, any amendments to this Agreement must be in writing, signed by duly authorized representatives of the District and Plaintiffs, and must state that the Parties intend to amend the Agreement.

**7.    DUTY TO ACT IN GOOD FAITH**

The Parties shall act in good faith and use their reasonable good faith efforts after the execution of this Agreement to ensure that their respective obligations hereunder are fully and punctually performed.  The Parties shall promptly perform any further acts and execute and deliver any other documents or instruments that may be reasonably necessary to carry out the provisions of this Agreement.

**8.    INTERPRETATION AND CONSTRUCTION**

Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this document or the documents referred to herein, on the understanding that the Parties participated equally in the negotiation and preparation of the Agreement and the documents referred to herein, or have had equal opportunity to do so.  The headings used herein are for reference only and shall not affect the construction of this Agreement.

**9.    BREACH, WAIVER AND AMENDMENT**

No breach of this Agreement or of any provision herein can be waived except by an express written waiver executed by the Party waiving such breach.  Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Agreement.  The Agreement may be amended, altered, modified, or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto or their authorized representatives that specifically states it is a modification of this Agreement.

**10.    CONFIDENTIALITY AND DISCLOSURE OF TERMS**

Except as disclosed to the Court herein, or which may need to be disclosed to the Court in the approval process, the Parties each agree to maintain the confidentiality of the negotiations underlying this agreement to the extent permitted by law, and agree that they shall not voluntarily and publicly discuss the negotiations that led to this Agreement.  This provision shall not extend to any information relating to the negotiations of this Agreement that the District may be required to disclose pursuant to the requirements of the Ralph M. Brown Act, Government Code section 54950, *et seq.*, the California Public Records Act, Government Code section 6250,

5

*et seq.*, or the provisions of any other law or regulation requiring disclosure of information by public entities.

## 11.   **MUTUAL DRAFTING**

This Agreement shall be deemed to have been jointly drafted by the Parties and shall be governed by and construed in accordance with the laws of the State of California.  Each Party shall bear the Party's own associated costs of preparing this Agreement, including attorneys' fees.

## 12.   **GOVERNING LAW AND VENUE**

This Agreement shall be governed by and construed in accordance with the laws of the State of California, and if necessary federal law.  To the extent that any Party brings an action to enforce the terms of this Agreement, such action shall be filed and prosecuted in the Superior Court for the County of Sacramento and/or the United States District Court for the Eastern District of California, to the extent of that Court's jurisdiction.

## 13.   **EXECUTION**

This Agreement and any document referred to herein, may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.  The Parties acknowledge and agree that a condition precedent to the District executing this Agreement is that all Plaintiffs agree to settle their claims pursuant to the terms in this Agreement.

## 14.   **AGREEMENT DOES NOT ESTABLISH PRECEDENT**

The Parties agree that the terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis by the Parties or anyone else to seek or justify similar terms in any subsequent case.

## 15.   **EFFECTIVE DATE**

This Agreement shall become effective following execution by all of the undersigned counsel for the Parties and the approval of the Court.

Dated: ___09|24|___, 2018          **SACRAMENTO METROPOLITAN FIRE DISTRICT**

By: _____
      Jim Barnes
      President, Board of Directors
      Sacramento Metropolitan Fire District

THE SIGNATURES AND RELEASES OF EACH INDIVIDUAL PLAINTIFF ARE
CONTAINED ON SEPARATE SIGNATURE PAGES ATTACHED AS EXHIBIT C AND
INCLUDED HEREIN BY THIS REFERENCE.

APPROVED AS TO FORM AND CONTENT:

Dated:_____, 2018                    MASTAGNI HOLSTEDT, A.P.C.

                                           By:_____
                                              David Mastagni, Esq.
                                              Attorneys for Plaintiffs Tracey
                                              Valentine, *et al.*

Dated:_____, 2018                    LIEBERT CASSIDY WHITMORE

                                           By:_____
                                              Morin I. Jacob, Esq.
                                              Lisa S. Charbonneau, Esq.
                                              Attorneys for Defendant Sacramento
                                              Metropolitan Fire District

7

# EXHIBIT A

| PLAINTIFF NAME | SETTLEMENT AMOUNT |
|---|---|
| AIELLO,CHRISTOPHER J. | $ 2,074.18 |
| ALBAUGH,LAWRENCE J. | $ 1,532.72 |
| ALDRICH,ROGER J. | $ 1,897.64 |
| ALEKMAN,ERIC H. | $ 2,801.22 |
| ALESSANDRI,GREGORY M | $ 819.23 |
| ALEXANDER,CLINTON M. | $ 2,278.42 |
| ALI,RIAZ D | $ 2,615.71 |
| ALLEN,ANNA M | $ 817.91 |
| ALLEN,CHRIS A | $ 1,989.58 |
| ANDERSEN,BRANDON L | $ 2,890.60 |
| ANDERSEN,PATRICK J | $ 4,185.59 |
| ANDERSON,BRIAN J | $ 2,063.30 |
| ANDERSON,JOSHUA A | $ 2,879.59 |
| ANDERSON,MICAH H | $ 1,403.31 |
| ANGOTTI,MICHAEL S. | $ 2,984.15 |
| ARSO,ERIC J | $ 683.79 |
| BACLAY,JONATHAN B | $ 3,352.28 |
| BACOCH,CATHERINE A. | $ 1,542.68 |
| BAILEY,TY J. | $ 2,659.70 |
| BAIRD,SCOTT T | $ 1,051.60 |
| BAKER,DANIEL L. | $ 920.66 |
| BAKKEN,TIMOTHY L. | $ 3,904.16 |
| BALDWIN,JASON T | $ 1,383.93 |
| BARE,DAVID R | $ 711.93 |
| BARNES,TIMOTHY D | $ 1,181.99 |
| BARSDALE JR.,CHARLES J. | $ 7,545.16 |
| BARSDALE,BRENT W. | $ 388.32 |
| BARTHEL,BRYAN D. | $ 2,599.78 |
| BARTLETT,JACOB T | $ 2,871.10 |
| BASQUE,RYAN D | $ 2,895.75 |
| BEARD,TIMOTHY D | $ 2,649.27 |
| BEIL,JAMES L. | $ 2,261.72 |
| BELLANCA,ANTHONY M | $ 1,959.36 |
| BENTON,BRIAN P. | $ 5,787.90 |
| BERG,ERIC M. | $ 2,909.74 |
| BEVERAGE,BRYCE D | $ 804.44 |
| BLEVINS,CRAIG T | $ 1,449.25 |
| BLOCK,TYLER S | $ 2,763.32 |
| BOAN JR.,JACK D | $ 657.64 |
| BOGOVICH,MATTHEW A | $ 620.38 |
| BONHAM II,MICHAEL D | $ 2,063.41 |
| BOTTO,CHRISTOPHER K | $ 494.30 |
| BOWES,RANDY M. | $ 3,038.67 |
| BRADFORD,MICHAEL D. | $ 6,208.52 |
| BREWER,RYAN C | $ 57.01 |
| BRIDGES,RYAN | $ 2,072.10 |
| BROWN,BRENDEN B. | $ 826.34 |
| BRUCE,ROBERT J. | $ 355.41 |
| BURDETTE,CODY R | $ 592.17 |
| BURKE,PAUL R. | $ 2,216.42 |
| BURKE,SHAWN P. | $ 1,878.04 |
| BURNETT III,DAVID W. | $ 4,962.59 |
| BUTLER,JASON FRITZ | $ 4,168.75 |
| BUZZETTA,JACOB A | $ 1,392.94 |
| CAHILL,JASON P. | $ 1,361.59 |
| CAIN,GREGORY T | $ 1,184.38 |
| CALDWELL,STEVEN G. | $ 4,391.71 |
| CALLAHAN,PATRICK M. | $ 1,758.58 |
| CAREY,CHRISTOPHER G | $ 645.01 |

| | | |
|---|---|---|
| CARGILE,BENJAMIN D. | $ | 1,708.93 |
| CARLILE,BLAKE A | $ | 1,525.39 |
| CARLILE,CASEY L | $ | 1,574.39 |
| CARLSON,MATTHEW | $ | 832.91 |
| CAROLLO,ROSARIO E. | $ | 3,757.82 |
| CARR,JOHN G. | $ | 875.49 |
| CARRILLO,DAVID A. | $ | 1,564.84 |
| CARROLL,JASON B. | $ | 911.56 |
| CASSARA,JOHN P | $ | 628.16 |
| CASTEEL,DAVID F. | $ | 2,654.22 |
| CASTRO,GENARO | $ | 2,131.72 |
| CATER,BRETT E | $ | 1,382.91 |
| CHAMBERLIN,SHANNON T | $ | 2,553.57 |
| CHEN,TOM | $ | 1,084.18 |
| CLARK,CAYLAN L | $ | 2,169.36 |
| COLE,MATTHEW R. | $ | 651.97 |
| COLEMAN,KEVIN M | $ | 1,505.82 |
| COLEMAN,RICHARD D. | $ | 1,385.51 |
| CONDIT,SHAWN L. | $ | 3,332.03 |
| CONN,BRIAN H | $ | 984.00 |
| CONNER,JOHN J | $ | 775.31 |
| CONWAY,SKY C.R. | $ | 3,373.50 |
| CONZATTI,JEFFREY D. | $ | 2,598.37 |
| CORDOVA,REBECCA M. | $ | 994.20 |
| CORMIER,STEVEN M. | $ | 4,730.34 |
| CORNELL,JASON D. | $ | 4,339.37 |
| CORNELL,SHANI L. | $ | 7,939.40 |
| COVINGTON,NICHOLAS M | $ | 538.38 |
| COWIN,BRIAN K | $ | 1,152.05 |
| CRAFT,MATTHEW TYLER | $ | 1,709.18 |
| CRAIG,STEPHEN B. | $ | 5,235.36 |
| CRAWFORD,JEREMY J. | $ | 980.71 |
| CROOKS,MATTHEW D | $ | 8,350.67 |
| CURRIE,BRIAN L. | $ | 1,587.30 |
| CURRIE,JACOB D | $ | 1,305.84 |
| DABB,JEREMY N. | $ | 800.66 |
| DABELICH,DAVID D. | $ | 2,340.17 |
| DALY,SHAWN K. | $ | 1,085.95 |
| DANEL,KEITH M | $ | 2,120.83 |
| DANIELSKI,PETER J. | $ | 2,363.76 |
| DARGAN,MATTHEW  J | $ | 1,446.93 |
| DAVID,JANDEL V | $ | 209.89 |
| DAVIS,JONATHAN S. | $ | 1,009.41 |
| DAW JR.,MICHAEL E. | $ | 1,188.81 |
| DEGRACE,THOMAS | $ | 6,262.36 |
| DEJONG,MICHAEL J | $ | 1,629.63 |
| DESSERT,BRAD A. | $ | 613.98 |
| DEZORDO,MARK V. | $ | 4,089.05 |
| DIBIASE,KYLE D | $ | 651.60 |
| DILLON,CHAD R | $ | 1,185.99 |
| DOLEZAL,DOUGLAS R. | $ | 4,288.00 |
| DORNBUSH,JEFFREY M. | $ | 2,919.32 |
| DOYLE,JAMES D | $ | 2,277.55 |
| DUN,TROY G. | $ | 2,395.83 |
| DUNNE,THOMAS M. | $ | 1,963.13 |
| DUPERTUIS,BRYAN M. | $ | 1,421.78 |
| DUPRAY,NICHOLAS A | $ | 633.59 |
| DURHAM,DAVID B. | $ | 3,647.30 |
| EDWARDS,TAYLOR | $ | 2,284.65 |
| EGGIMAN,STEVEN J. | $ | 2,032.74 |
| EISERT,TIM J. | $ | 3,264.26 |

| | | |
|---|---|---|
| EKIN,JASON A | $ | 484.64 |
| ELLEDGE,CLAYTON E. | $ | 51.31 |
| ELLINWOOD,MATTHEW C. | $ | 3,347.38 |
| ELLIS JR,JAMES P. | $ | 2,463.76 |
| ERWIN,CLINTON M | $ | 238.91 |
| EVANS,JOSEPH C. | $ | 3,730.82 |
| EVERS,BRIAN C. | $ | 2,371.56 |
| FADER,DILLON T | $ | 407.84 |
| FARRELL,DAVID J. | $ | 2,107.88 |
| FAULKNER,DANIEL J. | $ | 688.63 |
| FENDER,SCOTT W. | $ | 1,186.67 |
| FERRILL,PATRICK H | $ | 1,335.22 |
| FERRIN,PAUL R. | $ | 527.87 |
| FIELD,ANDY R | $ | 1,507.88 |
| FINK,ANTHONY P. | $ | 4,228.76 |
| FIORICA,JOSEPH A. | $ | 5,629.84 |
| FITTS,JADEN D | $ | 1,084.45 |
| FLINT,JAMES D | $ | 3,155.62 |
| FONG,KIM B. | $ | 972.60 |
| FORTIN,CHAD G. | $ | 2,489.73 |
| FOX,WILLIAM J. | $ | 2,957.73 |
| FRANCE,ROGER H. | $ | 4,458.28 |
| FREY,JUSTIN R | $ | 1,838.86 |
| FRITZ,KYLE J | $ | 1,681.90 |
| FULCHER,RASHAWN L. | $ | 3,181.35 |
| GALLISDORFER,JUSTIN M | $ | 1,258.68 |
| GARDNER,ANDREA H | $ | 521.03 |
| GARDNER,RUSSELL R | $ | 969.45 |
| GARZA,JOE G | $ | 1,100.17 |
| GAUB,MICHAEL D | $ | 1,932.00 |
| GETREU,ALLEN D. | $ | 1,701.14 |
| GETREU,TYLER A | $ | 793.97 |
| GIFFORD,MICHAEL R. | $ | 3,668.39 |
| GILDONE,MICHAEL J | $ | 2,166.84 |
| GLENN,ANTHONY R | $ | 1,970.31 |
| GODFREY JR.,DONALD J. | $ | 2,356.61 |
| GOLLADAY,BASTIAN E | $ | 377.00 |
| GONSALVES,BRIAN L. | $ | 2,210.47 |
| GORDON,KYLE | $ | 1,359.41 |
| GORDON,TREVOR W | $ | 2,193.95 |
| GRAF,JOHN R | $ | 3,849.86 |
| GRAFFIS,PHILIP M | $ | 861.42 |
| GRAVIN,ERIC J. | $ | 1,516.51 |
| GRAY,BRYAN J | $ | 528.65 |
| GRAZIS,JOHN A. | $ | 3,576.06 |
| GREEN,GREGORY M | $ | 2,022.47 |
| GREENBERG,KENNETH A. | $ | 3,493.85 |
| GREENE,CHRISTOPHER S. | $ | 1,623.04 |
| GREENFIELD,JOEL C | $ | 2,637.95 |
| GREGORY,CHRISTOPHER  M | $ | 2,298.19 |
| GRESHAM,KEVIN W | $ | 1,366.28 |
| GRIDER,JERRAD E | $ | 1,254.13 |
| GRIFFIN,MARK E | $ | 851.42 |
| GRIGGS,RICK L. | $ | 918.31 |
| GRINDY,JON T | $ | 851.65 |
| GROSS,PHILIP M | $ | 404.41 |
| GRUNDMANN,JEREMY J | $ | 593.94 |
| GUSEYNOV,MARK I | $ | 757.31 |
| HAGERTY,KYLE T | $ | 1,531.72 |
| HALL,LYNETTE A. | $ | 2,041.68 |
| HALLOCK,JUSTIN D | $ | 3,255.41 |

| | | |
|---|---|---|
| HANSEN,TOM L. | $ | 2,332.11 |
| HANSON,CHRISTOPHER J. | $ | 3,086.36 |
| HARGETT,ANTHONY W. | $ | 3,280.73 |
| HARLESS,BRIAN W. | $ | 1,631.23 |
| HARRINGTON,KENNETH J. | $ | 2,549.91 |
| HARRINGTON,STEVEN L | $ | 2,325.89 |
| HARRIS,JASON B | $ | 3,064.55 |
| HARRIS,JEFFREY S. | $ | 3,452.67 |
| HART JR.,ROGER D. | $ | 395.86 |
| HART,PHILLIP J. | $ | 500.88 |
| HAUGE,STEN J. | $ | 1,983.37 |
| HAURY,MICHAEL D. | $ | 2,707.56 |
| HAUS,ERIC J. | $ | 1,305.90 |
| HAUSER,MATTHEW  J | $ | 482.52 |
| HAYDEN,AMERIK C. | $ | 500.41 |
| HAZLETT,MICHAEL W. | $ | 8,743.81 |
| HAZLETT,NATHANIEL W | $ | 836.21 |
| HEIN,RANDALL D. | $ | 2,228.38 |
| HENDERSON,CRAIG W.C. | $ | 4,774.15 |
| HENDERSON,EDWARD R | $ | 2,473.42 |
| HENSON,KEVIN R. | $ | 2,889.67 |
| HICKMAN,JEFFREY T. | $ | 3,979.21 |
| HICKS,CHRISTOPHER T. | $ | 723.09 |
| HIRD,ANTHONY D | $ | 1,968.98 |
| HOFFORD,NATHANIEL A | $ | 1,909.75 |
| HOGAN,BRENDAN G. | $ | 885.54 |
| HOLMAN,DAVID S. | $ | 2,074.07 |
| HORD,JEREMY L | $ | 3,772.87 |
| HOSMANN,WILLIAM K | $ | 225.17 |
| HOUSE,ADAM A. | $ | 5,627.81 |
| HOY,DANIEL J | $ | 3,408.86 |
| HUCKABY,ADAM P | $ | 3,203.61 |
| HULL,JONATHAN P | $ | 2,189.04 |
| HUNTER,JON | $ | 3,207.73 |
| INCERTY,JEFFREY D | $ | 1,622.09 |
| ISAACSON,PAUL B. | $ | 1,699.60 |
| JACOBS,GERALD R | $ | 2,102.30 |
| JAMISON,JOHN T. | $ | 3,747.17 |
| JAUREGUI,AARON C | $ | 1,564.17 |
| JEGLIE,JARED | $ | 1,988.40 |
| JENKINS JR.,CHARLES H. | $ | 6,183.70 |
| JEREMICA,RYAN P | $ | 1,132.86 |
| JEWELL,CARL F. | $ | 1,400.33 |
| JOHNSON,MICHAEL T. | $ | 3,325.33 |
| JOHNSON,STEVEN D. | $ | 1,549.78 |
| JONES,JEFFREY S. | $ | 1,522.89 |
| JUDGE,ROBERT P. | $ | 2,557.64 |
| JUKICH,SEAN M | $ | 2,544.27 |
| KASTROS,ANTHONY A. | $ | 259.36 |
| KATSUYOSHI,KURT M | $ | 2,469.89 |
| KATZ,JOSHUA R | $ | 888.97 |
| KAUFFMAN,JOEL D. | $ | 265.92 |
| KEELEY,KILEY J. | $ | 3,670.43 |
| KELLENBERGER,ERIC G. | $ | 2,856.29 |
| KELLOGG,CHRIS J. | $ | 2,295.77 |
| KENTON,CHRISTOPHER T. | $ | 1,995.24 |
| KIM,DANNY S | $ | 760.10 |
| KING,KEVIN T | $ | 504.91 |
| KINSEL,BRIAN D | $ | 1,273.80 |
| KOMULAINEN,ERIC S | $ | 740.38 |
| KONKEL,TYLER  D | $ | 1,384.76 |

| | | |
|---|---|---|
| KOONTZ,JACOB D | $ | 1,345.29 |
| KUEBLER,COREY J. | $ | 3,297.98 |
| LADYMAN,TED M | $ | 692.38 |
| LAHL,DAVID | $ | 884.47 |
| LANDAETA,MITCHELLE A | $ | 1,351.54 |
| LANIGAN,TODD F. | $ | 3,298.33 |
| LARSON,JOSHUA B | $ | 2,616.56 |
| LAUNIER,MICHAEL S. | $ | 1,689.78 |
| LAVENDA,STEVEN T | $ | 1,833.43 |
| LAW,BARBARA J. | $ | 1,906.12 |
| LAWRENCE,TIMOTHY D. | $ | 3,345.23 |
| LEBLANC,BRENT J | $ | 719.16 |
| LEE,JAMES B. | $ | 2,108.31 |
| LEFEVRE,MATTHEW R | $ | 684.07 |
| LEIGHTON,TYSON W | $ | 878.32 |
| LEMON,SHAWN | $ | 5,404.63 |
| LEONARD,JOSHUA D | $ | 5,308.72 |
| LEVESQUE,BEAU | $ | 1,658.93 |
| LEVESQUE,JUSTIN P | $ | 1,099.47 |
| LEWIS,MARCUS C | $ | 2,178.88 |
| LIMA JR.,FRANK J. | $ | 468.98 |
| LINDQUIST,AARON T | $ | 1,159.12 |
| LIST,KIEGON R | $ | 799.33 |
| LOHEIT,TAYLOR C | $ | 1,509.73 |
| LOHMEYER,SCOTT D. | $ | 4,957.29 |
| LOPEZ,PHILLIP C. | $ | 919.34 |
| LORIS,TREFFIN J | $ | 2,902.85 |
| LOVATO JR,BERNARDO | $ | 3,452.02 |
| LOWE,JOHN A | $ | 544.39 |
| LOWRY,MICHAEL S. | $ | 5,549.83 |
| LYDA,JAMES D. | $ | 1,296.19 |
| LYNCH JR.,CHARLES E. | $ | 2,044.91 |
| LYNCH,GREGORY | $ | 2,114.80 |
| MACK,NICK J | $ | 3,134.47 |
| MACKENZIE,JEROME D. | $ | 3,449.58 |
| MAERKLEN,RYAN L. | $ | 673.76 |
| MAHAN,RYAN A | $ | 2,538.31 |
| MAJESTIC, JORDAN | $ | 147.50 |
| MALINOWSKI,JEFFREY P. | $ | 2,242.87 |
| MANDES III,JAMES L. | $ | 776.60 |
| MANFREDI,RYAN P. | $ | 3,210.16 |
| MANLEY,TERRENCE C | $ | 1,037.86 |
| MANOS,CHRIS A | $ | 3,229.58 |
| MARKEL,GREG A. | $ | 5,081.55 |
| MARTIN JR.,DONALD E. | $ | 2,812.25 |
| MARTIN,MICHAEL J. | $ | 2,020.83 |
| MARTIN,ROBERT A | $ | 643.09 |
| MARTIN,THOMAS M | $ | 577.85 |
| MARTINELLI,KOREN P. | $ | 2,118.79 |
| MARTINEZ,MAURIO R | $ | 1,052.52 |
| MATHESON,ROBERT W. | $ | 3,552.27 |
| MATTEOLI,ERIK | $ | 3,229.82 |
| MCDANIEL,MICHAEL J. | $ | 3,406.29 |
| MCDERMOTT,RYAN  P | $ | 1,265.48 |
| MCDONALD,DRU C. | $ | 2,856.56 |
| MCGOLDRICK,MICHAEL P. | $ | 3,318.48 |
| MCGREW,MATTHEW G. | $ | 984.17 |
| MCKENNEY,SCOTT T. | $ | 3,563.09 |
| MCKINNON JR., GEORGE T. | $ | 298.80 |
| MCMAHON,RYAN | $ | 1,254.86 |
| MCNAB,DUSTIN J | $ | 2,164.15 |

| | | |
|---|---|---|
| MCNEW,TIMOTHY G | $ | 1,697.17 |
| MEYER,BART J. | $ | 434.06 |
| MEYER,STEVEN W | $ | 2,428.55 |
| MILLER,DUANE P. | $ | 1,560.42 |
| MILLER,MATTHEW | $ | 772.27 |
| MILLER,WENDELL JEFFREY | $ | 2,206.54 |
| MITCHELL,ADAM R. | $ | 1,314.97 |
| MITCHELL,BRYCE E. | $ | 2,297.96 |
| MONICAL,DAVID C | $ | 1,618.29 |
| MONTGOMERY,AARON | $ | 1,681.91 |
| MOORE,JOSHUA K | $ | 435.53 |
| MORA,RAY E | $ | 545.45 |
| MORELL,EDWARD E. | $ | 3,860.72 |
| MORGRIDGE, GREGORY | $ | 161.58 |
| MORRIS,MICHAEL S. | $ | 1,305.28 |
| MOSCHETTI,JOSEPH A | $ | 697.02 |
| MROZINSKI,JAMES L. | $ | 1,414.11 |
| MURPHY,THOMAS J. | $ | 2,503.17 |
| NAJERA,ANDREW | $ | 322.49 |
| NEISS,CHRISTOPHER M | $ | 1,242.40 |
| NELSON,CHRISTOPHER L. | $ | 4,215.40 |
| NEVILLE,THOMAS S. | $ | 2,094.33 |
| NGUYEN,HUY | $ | 1,795.15 |
| NICHOLAS,CHARLES E. | $ | 4,723.50 |
| NIKLEWSKI,THOMAS F. | $ | 471.47 |
| NOGOSEK,TROY J. | $ | 3,679.63 |
| NOVOTNY,JAMES W. | $ | 3,094.55 |
| NUNEZ,MARK D. | $ | 801.08 |
| OAKES JR.,JOHN W. | $ | 2,773.36 |
| OAKES,DERIK V. | $ | 1,990.54 |
| OAKES,JORDAN W | $ | 3,484.78 |
| OBERLANDER,STEVEN R | $ | 3,027.68 |
| ODESTIG,JANICE N. | $ | 408.36 |
| O'MALEY,DANIEL | $ | 553.92 |
| OSEN,KEVIN E. | $ | 4,244.07 |
| OSHIRO,TYLER K | $ | 1,448.04 |
| OWEN,SCOTT E | $ | 2,075.18 |
| OWSTON,MATTHEW B. | $ | 2,803.93 |
| PAULSEN,ERIK D | $ | 1,558.26 |
| PERRY,STEPHEN G | $ | 1,528.28 |
| PERRYMAN,SCOTT J | $ | 1,899.23 |
| PETRUZZI,ROBERT A | $ | 16.62 |
| PETTY,JOSEPH P | $ | 732.46 |
| PHAM,DAT H | $ | 2,892.10 |
| PHILLIPS,EHRON | $ | 1,153.51 |
| PHILLIPS,RON A. | $ | 3,450.41 |
| PICK,JOSEPH H. | $ | 2,102.57 |
| PIERSON,DUSTIN J | $ | 485.99 |
| PITTMAN,RYAN J. | $ | 1,695.75 |
| POINTER,TRAVIS D. | $ | 3,050.69 |
| POOLE,JAMIE P. | $ | 3,418.87 |
| POWELL, BUD | $ | 214.94 |
| POWELL,CARL R. | $ | 3,486.85 |
| POWERS,STEVEN C | $ | 1,035.49 |
| PRITCHARD,JAMES T. | $ | 951.15 |
| PULIS,RYAN P | $ | 933.03 |
| PURCELL,VINCENT P | $ | 2,899.09 |
| PYWELL, KENNETH M. | $ | 932.99 |
| QUINN,CHRISTOPHER S. | $ | 458.58 |
| RADDIGAN JR,ROBERT F. | $ | 2,641.91 |
| RAMER,ANDREW M | $ | 1,255.24 |

| | | |
|---|---|---|
| RANDAZZO,MATTHEW | $ | 2,941.69 |
| RANDLE,BRETT M | $ | 1,468.97 |
| RAY JR,DAVID E. | $ | 3,049.56 |
| REAGOR,JEFFERY S. | $ | 841.89 |
| REDMAN,GREG A. | $ | 1,990.88 |
| REED,CHRISTOPHER K. | $ | 7,330.41 |
| REED,DAVID L. | $ | 2,157.76 |
| REEVES,JOHN S. | $ | 730.16 |
| REPETTO,MARK J. | $ | 4,242.09 |
| REYES,JOE M. | $ | 1,041.73 |
| REYNOLDS JR.,WILLIAM BRAD | $ | 4,073.85 |
| RHINEHART,NICHOLAS  L | $ | 1,403.68 |
| RICCI,CRAIG A. | $ | 4,770.74 |
| RICHARDSON,BRANDON M | $ | 950.59 |
| RICHARDSON,SCOTT R. | $ | 788.36 |
| RIO,JUSTIN | $ | 790.97 |
| RISTAU,HEATH M. | $ | 1,738.84 |
| ROBERTS,JOEL C | $ | 1,791.52 |
| RODONI,ALEXANDER D | $ | 1,205.75 |
| RODRIQUES,DUSTIN R | $ | 2,510.90 |
| ROGERS,MARK J | $ | 1,010.17 |
| ROSEMAN,CASEY S | $ | 2,026.02 |
| ROSS,RYAN M | $ | 1,940.59 |
| ROWAN,MICHAEL J | $ | 847.02 |
| ROWLAND,DAVID L. | $ | 4,432.95 |
| RUBALCAVA,ERIK ROMAN | $ | 3,752.02 |
| RUBIALES,RICHARD J. | $ | 2,890.57 |
| RUD,ROY E. | $ | 924.24 |
| RUDNICKI,JON J. | $ | 1,919.21 |
| RUSCICA,CHRISTOPHER P. | $ | 2,238.02 |
| RUSSELL,ADAM S. | $ | 2,688.04 |
| RUSSELL,GRANT W. | $ | 1,398.53 |
| RUST,MATTHEW L | $ | 1,647.85 |
| RUTHERFORD,KYLE E | $ | 1,041.43 |
| SACHT,ERIC A | $ | 220.34 |
| SAHAYDAK,JULIAN | $ | 2,229.76 |
| SALVATORI,SCOTT L | $ | 1,157.76 |
| SALVESTRIN,STEVEN M. | $ | 2,165.39 |
| SAMMONS,MATTHEW T | $ | 2,183.96 |
| SANCHEZ,ANDRES | $ | 769.37 |
| SANTUCCIO,KYLE M | $ | 529.82 |
| SCHANZENBACH,JOHN D. | $ | 3,535.49 |
| SCHANZENBACH,MICHAEL D. | $ | 2,635.11 |
| SCHIFF,ERIKA E | $ | 653.42 |
| SCHMIEDT,RICHARD E. | $ | 7,015.68 |
| SCHMITT,JOSEPH R | $ | 2,109.71 |
| SCHNEIDER,SCOTT S. | $ | 2,616.71 |
| SCHRECK,MARK D. | $ | 1,933.85 |
| SCHUMACHER,BRADLEY J. | $ | 3,933.55 |
| SCHUMACHER,SEAN H | $ | 1,502.54 |
| SCHWARTZ,ADDAM W | $ | 2,285.19 |
| SCOLLARD,SEAN A | $ | 2,426.77 |
| SEIVANE,JONPAUL M. | $ | 79.80 |
| SERRANO,LARRY | $ | 309.45 |
| SHAPLEY,ADAM F | $ | 1,692.26 |
| SHEETZ,DERRICK W. | $ | 6,134.85 |
| SHEHAN,DOUGLAS M | $ | 1,257.72 |
| SHIELD,SCOTT E | $ | 2,169.21 |
| SHOKUR,ILYA V | $ | 581.79 |
| SILVA,TAYLOR J | $ | 295.82 |
| SIMMONS,CARL L. | $ | 3,605.12 |

| Name | Amount |
|---|---|
| SIMONICK,TROY R. | $ 2,409.03 |
| SINCLAIR,DAVID M | $ 1,166.99 |
| SJOLIN,JEFFREY G. | $ 1,425.84 |
| SLONE,MICHAEL J. | $ 3,461.21 |
| SLONE,TIMOTHY M. | $ 2,938.68 |
| SMITH,DUSTIN E | $ 1,441.18 |
| SMITH,RANDAL G. | $ 2,786.39 |
| SMITH,RYAN A | $ 1,029.40 |
| SMITH,TYLER T | $ 1,929.67 |
| SMOTHERMAN,MATTHEW L. | $ 2,742.69 |
| SNIDER,JOSHUA R | $ 690.83 |
| SOBRERO,PETER W | $ 629.16 |
| SORGI,VERONICA M. | $ 1,281.22 |
| SPIVA,ADAM T | $ 3,042.27 |
| SQUAGLIA,JONATHAN K | $ 590.92 |
| STAFINBIL,TODD A. | $ 4,791.50 |
| STERN,MARK | $ 4,242.69 |
| STEVENS,WILLIAM E | $ 1,067.18 |
| STOOPS,JASON R | $ 1,633.54 |
| STUART,MATTHEW G | $ 2,880.63 |
| SULLIVAN,DARRELL J | $ 1,377.42 |
| SULLIVAN,DEREK | $ 908.56 |
| SUTTON,DAVID A | $ 2,123.04 |
| SWARTHOUT,COLIN R. | $ 4,030.31 |
| SWEENEY,CRAIG M. | $ 572.07 |
| SWEETERS,LUKE F | $ 1,790.02 |
| SYPUTA,STEVEN R | $ 3,095.81 |
| TAFOYA,STEVEN E. | $ 2,758.27 |
| TAYLOR,DANIEL A | $ 902.86 |
| TAYLOR,JEFFREY B. | $ 4,153.87 |
| TAYLOR,ZACHARY H. | $ 455.65 |
| TERRY,DAVID B. | $ 614.39 |
| THOMAS,LINDIE L. | $ 1,403.55 |
| THOMAS,MITCHELL E | $ 501.05 |
| THOMAS,OWEN M | $ 1,912.86 |
| THOMPSON,JOSHUA A | $ 1,610.77 |
| THOMPSON,KEVIN D. | $ 3,037.77 |
| THOMPSON,TROY N. | $ 801.57 |
| THOMSEN,MARK L. | $ 4,842.85 |
| THOMSON,BRYAN K. | $ 2,410.51 |
| THONGMANEE,CHACHRIS | $ 493.13 |
| THORNS,STEVE S | $ 2,569.61 |
| THUE,STEVEN F. | $ 1,387.74 |
| TIMCHUK,ALEKSANDR | $ 473.23 |
| TODD,AARON D | $ 1,182.07 |
| TREVINO,ALEXANDER G. | $ 1,679.13 |
| TRIMBLE,KATIE | $ 300.43 |
| TURANSKI,JOHN-PAUL R | $ 885.07 |
| TURNAUER,ANDREW M | $ 1,439.24 |
| TURNER,RICHARD F. | $ 2,111.58 |
| TURNER,STEVEN R. | $ 1,462.99 |
| VALENTINE,TRACEY L. | $ 8,296.16 |
| VALENZUELA,JASON | $ 819.64 |
| VAN ARNUM,TRAVIS B | $ 2,229.88 |
| VAN BRUNT,RYAN B | $ 1,055.66 |
| VANDERWERKER III,WILLIAM R | $ 2,176.43 |
| VESTAL,CHRISTOPHER A | $ 1,300.11 |
| VESTAL,JASON N. | $ 6,552.65 |
| VOLLE,AARON L | $ 2,314.19 |
| VON CHANCE-STUTLER,CRAIG A. | $ 7,250.16 |
| VOTAVA,PETER J. | $ 3,447.45 |

| | | |
|---|---|---|
| WAGNER,HOLLY K | $ | 658.31 |
| WALKER,NATHAN D | $ | 1,246.39 |
| WALKER,RICHARD W | $ | 4,768.63 |
| WALSH,BRYAN P. | $ | 405.24 |
| WALSH,DUANE R. | $ | 5,006.89 |
| WARNE,KYLE | $ | 1,471.27 |
| WATLEY,BRIAN S. | $ | 4,417.14 |
| WATSON,ADRIAN S. | $ | 2,086.52 |
| WATTS,JASON B. | $ | 913.72 |
| WEATHERLY,BARTON G. | $ | 3,014.00 |
| WEBSTER,AARON E. | $ | 4,556.20 |
| WEGENER,KEVIN L. | $ | 4,384.65 |
| WEITZEL,NEIL J | $ | 1,301.45 |
| WELCH,MICHAEL S. | $ | 3,491.73 |
| WELD,DANIEL M | $ | 528.14 |
| WENNER,JASON D. | $ | 2,941.64 |
| WESTFALL,WILLIAM C. | $ | 1,618.24 |
| WHALEY,ANDREW L. | $ | 4,099.03 |
| WHAM,AARON S. | $ | 3,258.35 |
| WHITE,TIMOTHY L. | $ | 581.30 |
| WICK,CURT R. | $ | 3,396.17 |
| WILBOURN,PARKER C | $ | 3,146.25 |
| WILLIAMSON,TYLER | $ | 2,269.32 |
| WITHEM,BRONZE  M | $ | 290.47 |
| WOLF,KEVIN D | $ | 872.95 |
| WOLFE,RYAN A | $ | 731.70 |
| WOOTTON,RANDALL C. | $ | 8,818.61 |
| WYNNE,AARON M | $ | 929.24 |
| YAVARI,ASHKAN | $ | 3,254.61 |
| ZALUTSKIY,IGOR P | $ | 661.65 |
| ZANNI,CASEY R | $ | 1,890.87 |
| ZIDEK,PHILLIP E. | $ | 2,118.68 |
| ZIEGLER,ANDREW J | $ | 3,343.73 |
| ZUMWALT,DANIEL L. | $ | 3,649.89 |
| | $ | 1,100,661.78 |

# EXHIBIT B

## MASTER AGREEMENT

Sacramento Metropolitan Fire District ("District") on the one hand, and the Sacramento Area Firefighters Local 522, I.A.F.F. ("Union" or "Local 522"), its individual members, and Plaintiffs to *Tracey Valentine, et al. v. Sacramento Metropolitan Fire District*, United States District Court, Eastern District of California, Case No. 2:17-cv-00827-KJM-EFB (collectively referred to as "522 Members") on the other, (together referred to as the "Parties"), hereby agree to the following material terms of a global settlement ("Settlement") regarding the current overtime dispute between the Parties:

1. Within five days of the Court's approval of the *Valentine* settlement, the Union and the District agree to execute the side letters of understanding attached as **Exhibit A** to this Agreement;

2. As consideration for the *Valentine* settlement, the District will issue payment to any Plaintiff who received medical-in-lieu payments from the District between April 20, 2014 and January 2018, using the following parameters:

   a. Calculation Formula
      i. Suppression/Shift Personnel
         1. Calculation formula will be [annualized monthly amount of medical in lieu / 2920] x 1.5 x [contract overtime hours paid at 1.5 that are coded 200, 104, or 358]
            a. Hours coded as "flsa" on paystubs meant to represent hours 183-192 in every 24-day work cycle are excluded from the calculation.

      ii. Single Role Paramedics
         1. Calculation formula will be [annualized monthly amount of medical in lieu / 2190] x 1.5 x [contract overtime hours paid at 1.5 that are coded 121]

      iii. Non-Suppression/Shift Personnel
         1. Calculation formula will be [annualized monthly amount of medical in lieu / 2080] x 1.5 x [contract overtime hours paid at 1.5 that are coded 106]

   b. Time Period
      i. The maximum recovery period will be April 20, 2014 – January 2018

    ii. The recovery period for Plaintiffs who are/were not employed during the entire time period (April 20, 2014 – January 2018) will be reduced by the time they were not employed at the District

3. As further consideration for the *Valentine* settlement, the District will issue payment to any Plaintiff who received holiday-in-lieu payments from the District between April 2014 and March 2018, using the following parameters:

    a. Calculation formula will be [annual holiday-in-lieu paid / [2920 x [[number of HIL units actually paid in the year / 144]] x 1.0 x [contract overtime hours paid at 1.5 that are coded 200, 104, or 358 and worked during a time period in which the employee earned HIL]

        i. Hours coded as "flsa" on paystubs meant to represent hours 183-192 in every 24-day work cycle are excluded from the calculation.

    b. Recovery Period

        i. For Plaintiffs employed at the District for all of calendar years 2016 and 2017, the time period for recovery will be hours paid in calendar years 2016 and 2017;

        ii. For Plaintiffs who separated from the District in 2017, but were employed at the District for all of calendar years 2015 and 2016, the time period for recovery will be hours paid in calendar years 2015 and 2016;

        iii. For Plaintiffs who separated from the District in 2016, the time period for recovery will be hours paid in the 23 months prior to and including their 2016 retirement month but no earlier than April 2014.  ;

        iv. For Plaintiffs who separated from the District in 2015, the time period for recovery will be hours paid in the months employed from April 2014 through their 2015 retirement month;

        v. For Plaintiffs who separated from the District between April 2014 and December 2014, the time period for recovery will be hours paid in the months employed from April 2014 through their 2014 retirement month;

        vi. Plaintiffs who separated from the District prior to April 2014, if any, are not entitled to recovery;

      vii.  For Plaintiffs employed at the District for less than twenty-four months since their opt-in date, the time period for their recovery will be hours paid in the months employed in 2016 and 2017 and the corresponding pro rata share of holiday-in-lieu paid to the employee.

4. Attorney's fees / costs are inclusive in the above (terms 2 and 3);

5. Payment to Tracey Valentine of $1000 for services as "collective action representative;"

6. Without waiving and while fully reserving its right to negotiate any other changes to 522 Members' compensation in accordance with Government Code section 3500 *et seq.*, the District will incorporate *holiday-in-lieu* payments into the District's overtime calculation practices pursuant to the formula set forth in **Exhibit B** to this Agreement, effective January 10, 2019.  Unless the Parties mutually agree otherwise in writing, the implementation of the formula set forth in **Exhibit B** shall remain in effect until at least the end date of the last 24-day work period ending prior to January 1, 2021 and the Parties expressly waive any rights to bargain over changes to implementation of the formula set forth in Exhibit B prior to January 1, 2021.

7. The District will issue payment to any employee who received holiday-in-lieu payments in calendar year 2018, using the following parameters:

      a.  Back pay amounts will be calculated using the formula set forth in **Exhibit B** to this Agreement;

      b.  Back pay amounts will cover hours worked between March 28, 2018 through January 9, 2019;

      c.  Payment under this section will be issued no later than 45 calendar days after January 9, 2019;

8. Plaintiffs, Local 522 and its members – collectively and individually – agree to release all claims to seek back overtime pay, liquidated damages, and attorneys' fees under state and federal law, including but not limited to the Fair Labor Standards Act, related to, alleged in, or arising out of the *Valentine* Action and the overtime grievance initiated by Local 522, that they have or have had through the date of court approval of the *Valentine* settlement agreement;

9. Local 522 will withdraw its pending overtime grievance with prejudice no later than five business days from the date of settlement approval;

Page 4

10. Plaintiffs, Local 522 and its members will effectuate dismissal with prejudice of the *Valentine* lawsuit;

11. The Parties agree that these are the material terms and conditions of settlement, and the Parties further agree to execute a long-form settlement agreement pertaining to the *Valentine* lawsuit that memorializes the same (in relevant part); and

12. The Parties understand that this Agreement is subject to Board approval.

**SO AGREED:**


_____        _____
Todd Harms, Fire Chief                  Date
Sacramento Metropolitan Fire District


_____        _____
Greg Casentini, Deputy Fire Chief       Date
Sacramento Metropolitan Fire District


_____        _____
Ty Bailey, President                    Date    June 14, 2018
Local 522


_____        _____
Trevor Jamison, Vice President          Date    June 14, 2018
Local 522


//

//

8569883.1 SA012-018

Page 4

10. Plaintiffs, Local 522 and its members will effectuate dismissal with prejudice of the *Valentine* lawsuit;

11. The Parties agree that these are the material terms and conditions of settlement, and the Parties further agree to execute a long-form settlement agreement pertaining to the *Valentine* lawsuit that memorializes the same (in relevant part); and

12. The Parties understand that this Agreement is subject to Board approval.

**SO AGREED:**

_____               6·26·2018
Todd Harms, Fire Chief                          _____
Sacramento Metropolitan Fire District           Date

_____               6 26 18
Greg Casentini, Deputy Fire Chief               _____
Sacramento Metropolitan Fire District           Date

_____               _____
Ty Bailey, President                            Date
Local 522

_____               _____
Trevor Jamison, Vice President                  Date
Local 522

//

//

8569883.1 SA012-018

Page 5

**APPROVED AS TO FORM:**

LIEBERT CASSIDY WHITMORE

_____          _____
Lisa S. Charbonneau                              Date
Counsel for Sacramento Metropolitan Fire District

MASTAGNI HOLSTEDT

_____          _____
David E. Mastagni                                June 14, 2018
Counsel for Local 522 and *Valentine* Plaintiffs    Date

Page 5

**APPROVED AS TO FORM:**

LIEBERT CASSIDY WHITMORE

_____          6-26-18
Lisa S. Charbonneau                       _____
Counsel for Sacramento Metropolitan Fire District    Date


MASTAGNI HOLSTEDT



_____          _____
David E. Mastagni                         Date
Counsel for Local 522 and *Valentine* Plaintiffs

# MASTER AGREEMENT

# EXHIBIT A

**SIDE LETTER OF UNDERSTANDING**
**By and between the**
**SACRAMENTO METROPOLITAN FIRE DISTRICT**
**And the**
**SACRAMENTO AREA FIREFIGHTERS LOCAL 522, I.A.F.F. (AFL-CIO)**

This Letter of Understanding is entered into by and between the Sacramento Metropolitan Fire District ("District") and the Sacramento Area Firefighters Local 522, I.A.F.F. (AFL-CIO) ("Union" or "Local 522"). It is the purpose of this Letter to supplement the May 1, 2016 – December 31, 2018 Memorandum of Understanding ("MOU") between the District and the Union as set forth in this Letter. This document reflects the results of an agreement negotiated by Representatives of Local 522 and that of the Administration of the District.

**Item One**

Without waiving the Parties' rights to negotiate changes to the remainder of Article 28 or any other Article of the MOU, the Union and the District hereby agree that unless the Parties agree otherwise, effective January 1, 2019, Article 28(A) will be replaced with the following:

A. All full-time suppression/shift employees, or suppression/shift employees assigned to days on a limited basis, shall receive as compensation for working on Holidays, twelve hours of "holiday-in-lieu" pay per month at the hourly rate of "base + incentives," for any month in which such suppression/shift employees are employed by the District during that month for at least one full day. Full-time suppression/shift employees who work less than one month shall receive a pro-rated amount of the twelve hours based on the number of days worked in the month. The District shall observe official holidays in accordance with the following designated holiday schedule. The District's office may be closed on observed days for designated holidays and non-suppression/day shift employees who would otherwise have worked on such days shall utilize PTO, unless otherwise mutually agreed to by the employee(s) and the Fire Chief or his designated representative. The designated holidays shall be posted annually and shall be as follows:

1. New Year's Day
2. Martin Luther King's Birthday
3. Lincoln's Birthday
4. Washington's Birthday
5. Memorial Day
6. Independence Day
7. Labor Day
8. Columbus Day
9. Veteran's Day
10. Thanksgiving Day
11. Day after Thanksgiving Day
12. Christmas Day

\\

1

### Item Two

Without waiving the Parties' rights to negotiate changes to other MOU Articles, the Union and the District hereby agree that for purposes of Article 28(A), the number of hours of holiday-in-lieu pay will remain at twelve per month through at least January 1, 2021, unless superseded, amended or modified by mutual written agreement between the Parties.

### Item Three

The Union and the District hereby agree that for purposes of Article 13, the phrase "normal rate" means the hourly rate of "base + incentives" + medical-in-lieu payment amounts.  The Parties have the right to negotiate base pay, incentive pay(s), and/or medical-in-lieu pay during negotiations for a successor MOU.

### Item Four

Without waiving the Parties' rights to negotiate changes to any other Article of the MOU, the Union and the District hereby agree that Article 13 of the MOU shall remain in full force and effect through at least January 1, 2021, unless superseded, amended or modified by mutual written agreement between the Parties.

**IT IS SO AGREED:**


Todd Harms, Fire Chief                                      Date
Sacramento Metropolitan Fire District


Greg Casentini, Deputy Fire Chief                     Date
Sacramento Metropolitan Fire District


Ty Bailey, President                                           June 14, 2018
Local 522                                                         Date


Trevor Jamison, Vice President                          June 14, 2018
Local 522                                                         Date

2

8563716.1 SA012-018

**Item Two**

Without waiving the Parties' rights to negotiate changes to other MOU Articles, the Union and the District hereby agree that for purposes of Article 28(A), the number of hours of holiday-in-lieu pay will remain at twelve per month through at least January 1, 2021, unless superseded, amended or modified by mutual written agreement between the Parties.

**Item Three**

The Union and the District hereby agree that for purposes of Article 13, the phrase "normal rate" means the hourly rate of "base + incentives" + medical-in-lieu payment amounts.  The Parties have the right to negotiate base pay, incentive pay(s), and/or medical-in-lieu pay during negotiations for a successor MOU.

**Item Four**

Without waiving the Parties' rights to negotiate changes to any other Article of the MOU, the Union and the District hereby agree that Article 13 of the MOU shall remain in full force and effect through at least January 1, 2021, unless superseded, amended or modified by mutual written agreement between the Parties.

**IT IS SO AGREED:**

_____                    6·26·2018
Todd Harms, Fire Chief                                            _____
Sacramento Metropolitan Fire District                     Date

_____                    6-26-18
Greg Casentini, Deputy Fire Chief                           _____
Sacramento Metropolitan Fire District                     Date

_____                    _____
Ty Bailey, President                                               Date
Local 522

_____                    _____
Trevor Jamison, Vice President                             Date
Local 522

2

**SIDE LETTER OF UNDERSTANDING**
**By and between the**
**SACRAMENTO METROPOLITAN FIRE DISTRICT**
**And the**
**BATTALION CHIEF'S ORGANIZATION, SACRAMENTO AREA FIREFIGHTERS**
**LOCAL 522, I.A.F.F. (AFL-CIO)**

       This Letter of Understanding is entered into by and between the Sacramento Metropolitan Fire District ("District") and the Battalion Chief's Organization of the Sacramento Metropolitan Fire District, affiliated with the Sacramento Area Firefighters Local 522, I.A.F.F. (AFL-CIO) ("Union" or "Local 522"). It is the purpose of this Letter to supplement the May 1, 2016 – December 31, 2018 Memorandum of Understanding ("MOU") between the District and the Union as set forth in this Letter. This document reflects the results of an agreement negotiated by Representatives of Local 522 and that of the Administration of the District.

**<u>Item One</u>**

Without waiving the Parties' rights to negotiate changes to the remainder of Article 26 or any other Article of the MOU, the Union and the District hereby agree that unless the Parties agree otherwise, effective January 1, 2019, Article 26, Section 1, will be replaced with the following:

Section 1.  Definition

       Shift Battalion Chiefs shall receive as compensation for working or responding to the off-duty needs of the District on District recognized holidays, twelve hours of "holiday-in-lieu" pay per month at the employee's "total hourly compensation," as that term is defined by Article 12, section 1 herein, for any month in which such shift employees are employed by the District during that month for at least one full day. Shift Battalion Chiefs who work less than one month shall receive a pro-rated amount of the twelve-hours based on the number of days worked in the month. The District shall observe official holidays in accordance with the following designated holiday schedule. The District's office may be closed on observed days for designated holidays and non-suppression/day shift employees who would otherwise have worked on such days shall utilize Vacation Leave, unless otherwise mutually agreed to by the employee(s) and the Fire Chief or his designated representative. The designated holidays shall be posted annually and shall be as follows:

1. New Year's Day
2. Martin Luther King's Birthday
3. Lincoln's Birthday
4. Washington's Birthday
5. Memorial Day
6. Independence Day
7. Labor Day
8. Columbus Day
9. Veteran's Day

1

10. Thanksgiving Day
11. Day after Thanksgiving Day
12. Christmas Day

**Item Two**

Without waiving the Parties' rights to negotiate changes to other MOU Articles, the Union and the District hereby agree that for purposes of Article 26, Section 1, the number of hours of holiday-in-lieu pay will remain at twelve per month through at least January 1, 2021, unless superseded, amended or modified by mutual written agreement between the Parties.

**Item Three**

Without waiving the Parties' rights to negotiate changes to other MOU Articles, including but not limited to Articles 14 subsections (2) through (6), the Union and the District hereby agree that Article 14(1) of the MOU, shall remain in full force and effect through at least January 1, 2021, unless superseded, amended or modified by mutual written agreement between the Parties.

**IT IS SO AGREED:**

_____         _____
Todd Harms, Fire Chief              Date
Sacramento Metropolitan Fire District

_____         _____
Greg Casentini, Deputy Fire Chief   Date
Sacramento Metropolitan Fire District

_____         June 14, 2018
Ty Bailey, President                Date
Local 522

_____         June 14, 2018
Trevor Jamison, Vice President      Date
Local 522

2

8563711.1 SA012-018

10. Thanksgiving Day
11. Day after Thanksgiving Day
12. Christmas Day

**Item Two**

Without waiving the Parties' rights to negotiate changes to other MOU Articles, the Union and the District hereby agree that for purposes of Article 26, Section 1, the number of hours of holiday-in-lieu pay will remain at twelve per month through at least January 1, 2021, unless superseded, amended or modified by mutual written agreement between the Parties.

**Item Three**

Without waiving the Parties' rights to negotiate changes to other MOU Articles, including but not limited to Articles 14 subsections (2) through (6), the Union and the District hereby agree that Article 14(1) of the MOU, shall remain in full force and effect through at least January 1, 2021, unless superseded, amended or modified by mutual written agreement between the Parties.

**IT IS SO AGREED:**

6-26-2018

Todd Harms, Fire Chief
Sacramento Metropolitan Fire District

Date

6-26-18

Greg Casentini, Deputy Fire Chief
Sacramento Metropolitan Fire District

Date

Ty Bailey, President
Local 522

Date

Trevor Jamison, Vice President
Local 522

Date

2

8563711.1 SA012-018

# MASTER AGREEMENT

# EXHIBIT B

## EXAMPLE PROSPECTIVE FLSA CALCULATION - WORK PERIOD BASIS

| 24-Day Work Period | Employee | Input | | | | Holiday in lieu pay adjustment | | | Offset for overtime premium paid | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | District hourly overtime rate (1.0x) | Hours actually worked | OT hours paid at 1.5x | OT hours paid at 0.5x | Work period equivalent of holiday in lieu pay | FLSA OT hours worked | Pre-offset FLSA owed (due to holiday pay) | Non-FLSA OT hours paid | Creditable OT premiums (207h) | Net FLSA adjustment |
| DATE RANGE | SAMPLE 1 | $ 30.00 | 216.00 | 48.00 | 10.00 | $ 284.05 | 34.00 | $ 60.66 | 24.00 | $ 360.00 | $ - |
| DATE RANGE | SAMPLE 2 | $ 30.00 | 216.00 | 24.00 | 10.00 | $ 284.05 | 34.00 | $ 60.66 | - | $ - | $ 60.66 |

8255872.1 SA012-018
8497914.1 SA012-018

# EXHIBIT C