Morin I. Jacob, Bar No. 204598
mjacob@lcwlegal.com
Lisa S. Charbonneau, Bar No. 245906
lcharbonneau@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105
Telephone:   415.512.3000
Facsimile:    415.856.0306

Attorneys for Defendant  SACRAMENTO METROPOLITAN FIRE DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| TRACEY VALENTINE, on behalf of herself and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO METROPOLITAN FIRE DISTRICT,<br><br>Defendant. | Case No.: 2:17-CV-00827-KJM-EFB<br><br>Complaint Filed: April 20, 2017<br><br>**DECLARATION OF LISA S. CHARBONNEAU IN SUPPORT OF APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF CASE**<br><br>*[Filed concurrently with Joint Motion for Approval Settlement Agreement and Dismissal of Case; Declaration of David E. Mastagni; Declaration of Amanda Thomas; [Proposed] Order Approving Settlement Agreement and Dismissing Case with Prejudice]* |

I, Lisa S. Charbonneau, hereby declare as follows:

1. I am an attorney at law duly licensed to practice in the State of California, and am specifically admitted to practice before the Eastern District of California. I am an associate with the law firm of Liebert Cassidy Whitmore, attorneys of record for Defendant SACRAMENTO METROPOLITAN FIRE DISTRICT ("Defendant" or "District"). If called upon to testify, I could and would competently testify to the following facts from my own personal knowledge.

2. I have over twelve years of experience litigating wage and hour and employment law matters in the State of California. I have and continue to represent numerous California public agencies in Fair Labor Standards Act (FLSA) compliance matters, FLSA litigation, FLSA

1 pre-litigation, and other wage and hour matters. I revised the 2017 edition of the California Public Employee Relations Pocket Guide to the Fair Labor Standards Act and have given many presentations on public sector FLSA topics throughout the State, including at the 2017 California Public Employers Labor Relations Association annual conference. In addition, the partners assigned to this case bring decades of experience in both public agency litigation and public agency wage and hour law. In the past two years alone, Morin I. Jacob, Richard C. Bolanos and I have secured Court approval of seven FLSA settlements involving public agencies in the Northern, Eastern, and Central Districts.

3. As outside counsel for Sacramento Metropolitan Fire District ("District"), I have been directly and personally involved in all aspects of this case, including 2016 negotiations over overtime topics that preceded this lawsuit, as well as the Parties' more recent settlement negotiations. I represented the District in both days of settlement negotiations before Magistrate Judge Allison Claire.

4. One of the primary disputes between the Parties in this case is whether the FLSA requires the District's firefighter holiday-in-lieu payments to be included in recipients' regular rate of pay. Our position is that such payments are excludable from the regular rate under the exclusion for payments for time not worked due to holidays, as set forth in the express text of the FLSA at 29 U.S.C. 207(e)(2). The payments are not compensation for hours of employment and do not correspond to any hours actually worked by any firefighter Plaintiff. Instead, where a firefighter works on a holiday, he or she is paid her customary rate. See also 29 C.F.R. section 778.219(a) – where an employee "is entitled to a sum certain as holiday or vacation pay, whether he works or not, and receives pay at his customary rate (or higher) in addition for each hour that he works on the holiday or vacation day, the certain sum allocable to holiday or vacation pay is still to be excluded from the regular rate."

5. Importantly, even if this Court were to rule that holiday-in-lieu payments must be included in the regular rate, Plaintiffs' back overtime damages would be minimal because the measure of overtime promised to Plaintiffs under their applicable MOUs – even without including holiday in lieu in the regular rate – is generally more generous than the FLSA and therefore

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

2

1  results in payment of compensation in excess of the minimum owed to Plaintiffs under the FLSA.

2        6.     Another significant area of dispute between the Parties is whether the District's
3  omission of cash-in-lieu and/or holiday-in-lieu from the regular rate were good faith errors, which
4  would prevent the imposition of liquidated damages, or willful violations of the FLSA, which
5  would give rise to a three-year statute of limitations instead of the general two-year statute of
6  limitations. Here, the evidence demonstrates that at all times, the District has acted in good faith
7  and has taken numerous affirmative acts to assure compliance with the FLSA that would defeat
8  Plaintiffs' willfulness allegations. If these issues had been litigated on their merits, the District
9  would likely have prevailed – at least in part. Specifically, the lack of Ninth Circuit – or other
10 persuasive or precedential – guidance on the regular rate treatment of holiday-in-lieu pay gives
11 the District a strong defense to allegations of willfulness and bad faith conduct as to that aspect of
12 Plaintiffs' case.

13       7.     In or around June 2016, the Parties began discussions regarding including cash-in-
14 lieu in recipients' overtime calculations, whether any back pay was owed to recipients, and if so,
15 how those amounts should be calculated. With no agreement, these discussions continued into
16 2017. At all times the discussions and negotiations were at arms-length.

17       8.     In August of 2017, the District informed its employees' bargaining representatives
18 of its intent to include cash-in-lieu in recipients' overtime calculations in a way that would meet
19 its minimum overtime obligations. The Parties continued discussions on this issue until the
20 District included cash-in-lieu into its overtime calculation via a methodology that more than met
21 its minimum FLSA obligations in February 2018.

22       9.     Also in August 2017, counsel for Plaintiffs informed the District that Plaintiffs
23 were raising a new claim, not pled in the *Valentine* Complaint, that the FLSA requires holiday-in-
24 lieu pay to be included in the regular rate of pay. The Parties' subsequent settlement discussions
25 included the holiday-in-lieu issue, as well as the cash-in-lieu issue.

26       10.    In furtherance of our informal settlement discussions, the Parties were to attend a
27 settlement conference before Magistrate Judge Allison Claire on November 9, 2017. In
28 preparation for the settlement conference, District representatives reviewed and analyzed relevant

3

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

payroll and timekeeping data of the Plaintiffs. The District also produced significant amounts of such data to Plaintiffs informally and via discovery. The Parties also submitted and exchanged legal briefing on the issues in dispute in advance of the settlement conference. On November 8, 2017, Magistrate Judge Claire continued the settlement conference, which was rescheduled for February 8, 2018. The Parties finally appeared before Judge Claire for two full days of arms-length settlement negotiations on February 8, 2018 and February 15, 2018. On both days, Judge Claire conveyed offers to and from the Parties and otherwise facilitated compromise negotiations.

11. The settlement negotiations before Judge Claire encompassed other pending disputes between Local 522 and the District concerning the calculation and payment of overtime compensation – not just the claims set forth in the *Valentine* Complaint. Addressing and attempting to settle the global overtime dispute between the Parties was beneficial for the District from an economic and resource perspective and also to promote and maintain positive labor relations between District employees and management.

12. By the end of the February 15, 2018 settlement conference, the Parties had agreed in principle to the material terms of a settlement that would resolve all the disputed issues related to the calculation and payment of overtime compensation under the FLSA and Plaintiffs' respective MOUs.

13. Between February 15, 2018 and June 2018, I communicated extensively with Plaintiffs' counsel and my client to draft, work out and finalize significant details and key language in the Parties' settlement documents. I also worked closely with the District's Chief Financial Officer to correctly apply the agreed-upon back pay formulae to each Plaintiffs' payroll and timekeeping records. Counsel for the Parties finalized the long-form settlement agreement in or around June 2018.

14. Another significant area of dispute between the Parties regards how the FLSA requires the regular rate to be calculated and applied. The Department of Labor ("DOL") has promulgated regulations entitled "Principles for Computing Overtime Pay Based on the 'Regular Rate" that are set forth at 29 C.F.R. sections 778.107-122. These regulations explain that the regular rate is an hourly rate "determined by dividing an employee's total remuneration for

4

employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." (29 C.F.R. section 778.109.)  The Tenth Circuit has squarely addressed this issue in the context of public – safety and non-safety – employees and came to the same conclusion: the regular rate is arrived at by using total hours worked as the divisor in the regular rate calculation.  (*Chavez v. City of Albuquerque,* 630 F. 3d 1300 (10th Cir. 2011).)  Further, once the regular rate is calculated, an employee receives full statutory overtime compensation when he or she receives an additional one-half of the regular rate for every overtime hour.  (*Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 476-77 (1948).)  This half-time principle was codified by the DOL at 29 C.F.R. section 778.110 and has been expressly applied to public employees by numerous Circuit Courts over the years.  (See *Alamo v. United States*, 850 F. 3d 1349, 1354 (Fed. Cir. 2017); *Chavez v. City of Albuquerque*, *supra,* 630 F. 3d at 1313; *Zumerling v. Devine*, 769 F. 2d 745, 752-53 (Fed. Cir. 1985) – applying half time multiplier to firefighters under a 207(k) work period.)  I believe the District would have prevailed on these issues if they were litigated on the merits.

15. If the District had prevailed on the above regular rate calculation methodology issues, the amount of back pay owed to Plaintiffs would likely be significantly less than what they are recovering under this settlement agreement.  Although I have not done such a calculation, I have no reason to dispute Plaintiffs' counsel's estimate that if the District prevailed on these issues, Plaintiffs' damages would be reduced by more than sixty-six percent.

16. Regardless of the merits of the District's arguments, settlement of the various bona fide disputes in this lawsuit via compromise has value to the District due to the high cost of further litigating these issues.  Many of the issues in dispute in this lawsuit are novel or of first impression (in the Ninth Circuit at least), thus litigation of these issues could be drawn out and would reasonably be expected to be appealed, resulting in significant delay, uncertainty, and great cost to the District.

17. Based on my and my firm's experience litigating and settling FLSA matters, we believe this settlement is fair and reasonable.  Both Parties have compromised their positions to arrive at a settlement amount that lies between what Plaintiffs would receive if they had

5

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

prevailed on the merits of their arguments and what Plaintiffs would receive if Defendant had prevailed on the merits of its argument. Whereas Defendant compromised with regard to the inclusion of holiday-in-lieu, the applicable statute of limitations for cash-in-lieu back pay, the method of calculating the regular rate, the regular rate multiplier to be used, and the availability offsets and credits, Plaintiffs compromised with regard to liquidated damages, the statute of limitations for holiday-in-lieu back pay, the regular rate multiplier to be used as applied to holiday-in-lieu back pay, and the availability of offsets and credits as applied to holiday in lieu pay going forward.

18. Overall, the settlement agreement reflects significant protection for the Parties against potential risks and costs should the Parties continue to litigate this case. To the extent there could be disputed issues of fact regarding the District's defense to willfulness and its good faith defense, and because this lawsuit involves dynamic areas of the law that are largely unsettled, settlement of this matter now avoids the delay and uncertainty of further litigation, trial, and possible appeals to the Ninth Circuit and beyond.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on the 25th day of September, 2018, at San Francisco, California.

_____
Lisa S. Charbonneau