Morin I. Jacob, Bar No. 204598
mjacob@lcwlegal.com
Lisa S. Charbonneau, Bar No. 245906
lcharbonneau@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105
Telephone:    415.512.3000
Facsimile:    415.856.0306

Attorneys for Defendant  SACRAMENTO METROPOLITAN FIRE DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| TRACEY VALENTINE, on behalf of herself and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO METROPOLITAN FIRE DISTRICT,<br><br>Defendant. | Case No.:  2:17-CV-00827-KJM-EFB<br><br>Complaint Filed: April 20, 2017<br><br>**DECLARATION OF AMANDA THOMAS IN SUPPORT OF APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF CASE**<br><br>*[Filed concurrently with Joint Motion for Approval Settlement Agreement and Dismissal of Case; Declaration of Lisa S. Charbonneau; Declaration of David E. Mastagni; [Proposed] Order Approving Settlement Agreement and Dismissing Case with Prejudice]* |

I, Amanda Thomas, hereby declare as follows:

1.  I am the Chief Financial Officer (CFO) for the Sacramento Metropolitan Fire District. I have been in this position since April 20, 2015. If called upon to testify, I can and will competently testify to the following facts from my own personal knowledge.

2.  As the CFO for the District, I am responsible for the District's financial planning and management. Specifically, I am responsible for the operations and activities of the District's Finance Division, including budget development, general accounting, financial reporting and analysis, economic development, grants administration, and payroll. I oversee the District's payroll process and am personally knowledgeable about the District's efforts to comply with the

1

Fair Labor Standards Act (FLSA). I am also on the District's negotiating team, participate in all aspects of labor negotiations with IAFF Local 522, and am responsible for interpreting and implementing the overtime and other compensation provisions of the various memoranda of understanding that cover most of the District's employees. As part of my work as CFO and member of the District's negotiating team, I am also personally familiar with the various classifications of employees at the District, their different work schedules, and their different benefits and compensation packages. Finally, as CFO I am personally knowledgeable of the District's payroll, timekeeping, and other financial records, how to calculate overtime owed under District methodology and the FLSA, and how to estimate these amounts on a prospective basis.

3. Since the *Valentine* lawsuit was filed, I have analyzed the individuals who have joined the suit, their job classifications, their current or former employment status, and other data relevant to the lawsuit. All Plaintiffs in this case are or were employed by the District as firefighters, fire engineers, fire captains, battalion chiefs, fire inspectors, emergency medical technicians, paramedics, fire mechanics, and/or other miscellaneous fire personnel.

4. District employees are on variety of work schedules with different forms of compensation and benefits, depending on the employee's particular job duties and responsibilities. Employees engaged in fire suppression, i.e. who have the responsibility to fight and suppress fires, are scheduled for 24-hour shifts and are not entitled to paid holidays off. That is, they may or may not be scheduled to work on a holiday. Non-fire suppression employees at the District are generally scheduled for forty hour workweeks and are entitled to paid holidays off.

5. The District has established a twenty-four day work period with an FLSA overtime threshold of 182 hours for all eligible fire protection personnel pursuant to 29 U.S.C. section 207(k) of the FLSA.

6. Most District employees are provided with greater overtime benefits pursuant to their respective negotiated labor agreements than the minimum overtime guaranteed by the FLSA. Specifically, whereas under the FLSA, no overtime is owed unless an employee actually, physically works hours in excess of the applicable overtime threshold in a work period ("FLSA

2

Declaration of Amanda Thomas In Support of Approval of Settlement Agreement and Dismissal of Case
8679221.2 SA012-018

overtime"), District employees are generally entitled to overtime whenever they work any "extra" hours, i.e. hours outside of their regular work schedules, regardless of whether they have taken paid leave in the work period ("MOU overtime"). By treating paid time off (less sick leave) as "hours worked" for purposes of determining overtime compensation, the MOU measure of overtime hours generally results in greater overtime compensation due to employees than the minimum required by the FLSA. Every Plaintiff in this case has worked FLSA overtime and/or MOU overtime and received cash-in-lieu and/or holiday-in-lieu pay at some point from April 2014 through the end of the opt-in period ordered by the Court.

7. The District calculates an hourly rate for each employee based on base wages plus incentive pays earned/received that month and pays each MOU overtime hour at one and one-half times the calculated hourly premium overtime rate, except that if any sick leave is taken by the employee during the work period, any MOU overtime hours up to the number of sick leave hours taken are paid at the calculated hourly rate (not one and one-half times the calculated hourly rate). Additionally, fire suppression personnel are paid one-half times the calculated hourly rate for hours 183 through 192 in their regular 24-day duty cycle (where 192 hours are compensated by base wages), regardless of the number of sick leave hours taken. As of February 2018, the District began including cash-in-lieu pay into recipients' calculated premium overtime rates.

8. Since February 2018, I have overseen the calculation of back overtime pay owed to Plaintiffs per the terms of the Parties' settlement agreement. The calculations are based on each Plaintiff's actual hours worked and actual payroll data. I and my supervisees have checked and double-checked the calculations for accuracy and to ensure the agreed-upon formulae have been followed.

9. Effective March 2018, the District will have begun including holiday-in-lieu pay into recipients' overtime compensation via the method agreed to in the Parties' Settlement Agreement. Based on my analysis of relevant payroll data and timekeeping records, I estimate the value of this method of incorporation to be approximately $500,000 in additional overtime compensation paid to District employees per year.

\\

3

Declaration of Amanda Thomas In Support of Approval of Settlement Agreement and Dismissal of Case
8679221.2 SA012-018

1  I declare under penalty of perjury under the laws of the United States that the foregoing is
2  true and correct.
3  Executed on this 25th day of September, 2018, at ___Mather___, California.

*/s/ Amanda Thomas*
Amanda Thomas